(No. 34813.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROBERT ANDERSON, Plaintiff in Error.

*Opinion filed September 24, 1959—Rehearing denied Nov. 16, 1959.*

ERWIN W. ROEMER, and HOWARD S. MACAYEAL, both of Chicago, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH and WILLIAM H. SOUTH, Assistant Attorneys General, and FRANCIS X. RILEY, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

Defendant was convicted of the crime of burglary in the criminal court of Cook County. His petition for a writ of error under Rule 65—1 was allowed by this court, counsel was appointed for defendant and the case was orally argued.

Defendant contends that the evidence was insufficient to establish his guilt beyond a reasonable doubt; that certain evidence was improperly admitted; and that the court considered improper matters in aggravation and by reason

thereof imposed an unreasonable sentence of a minimum of 15 years and a maximum of 50 years.

The manager of the Liberty Loan Corporation testified that his place of business had been broken into on the night of October 1, 1952, and that a safe had been removed from the premises. The cashier of the company testified that there was approximately $500 in the safe when the office was closed. Carl Wilson testified that about 2 o'clock on the morning of October 2, he saw defendant, together with Braxton Anderson and Thomas Woods, in a garage and that these men were trying to open a safe. Wilson did not know how the safe got into the garage. The men were having trouble getting the inner door of the safe open and they all left the garage, leaving Wilson with the safe. While the other men were gone, Wilson stole the safe and took it to another location where Wilson and two other men opened the inner safe and found about $400. The money had been partially burned. Wilson paid his accomplices $100 each and took the rest of the money to his girl friend, Lorraine Johnson. Police officer Matthew Ferguson testified that after talking with Wilson and Lorraine Johnson, he went with the girl to her home where he picked up a key and went to the railroad station where he opened a locker and removed approximately $300. At the trial, certain money which was partially burned was introduced in evidence. Wilson identified this as the money which he had removed from the safe and later given to Lorraine Johnson. However, on cross-examination he stated that he could not be sure that it was the same money. Lorraine Johnson identified the money as the same which Wilson had given her and the police officer identified it as the money which had been removed from the locker.

Officer Ferguson also testified that on October 8, he and two other officers and Carl Wilson were parked in officer Ferguson's private car, which was not marked as a police

car. They saw Braxton and Robert Anderson drive up. One of the other officers, William Trigg, got out of the car and went up to Anderson's car and identified himself as a police officer. At that time there were shots fired from the inside of the car and officer Trigg was shot in the chest. Robert Anderson ran from the car and escaped down an alley. Officer Trigg testified that as he approached the car in which defendant was seated, he had his gun in his right hand and his police star in his left hand. As he neared the car, he said, "Police officers." He then saw that defendant had a gun pointed right at him. Defendant fired, striking Trigg, who returned the fire. Braxton Anderson, who had been shot by officer Trigg, was taken to a hospital where he signed a confession, admitting the burglary of the Liberty Loan Corporation. At the trial this confession was introduced in evidence against Braxton Anderson but not as to Robert Anderson.

Officer Ferguson further testified that on November 9, he went to Albuquerque, New Mexico, where he placed Robert Anderson under arrest. The officer testified that while he and defendant were riding back to Chicago on the train, defendant boasted about being a good burglar and admitted burglarizing the Liberty Loan office and removing the safe. Upon their return to Chicago defendant denied taking part in the burglary. The defendant did not offer any evidence at the trial and the jury returned a verdict of guilty as to both defendant and Braxton Anderson.

Defendant contends that the evidence was insufficient to establish his guilt. It is argued that there was no evidence at the trial that the safe which Robert and Braxton Anderson were trying to open was the safe which had been taken from the loan office. We agree that the State's evidence was insufficient to establish that the safe which was in the possession of the defendant and others was the safe taken from the loan company and that evidence of defendant's

possession of such safe, standing alone, would be insufficient to establish his guilt of the crime charged in the indictment.

However, officer Ferguson testified at the trial that defendant admitted committing the burglary. Also, there was evidence that defendant resisted arrest and fled the jurisdiction. Defendant argues that the confession should be disregarded since it is based upon testimony which defendant characterizes as completely unreliable. Defendant claims that it is beyond belief that he would have voluntarily admitted his guilt to officer Ferguson on the train. However, it is not the function of this court to pass upon the credibility of the testimony at the trial. That question is within the province of the jury who heard the evidence and observed the witnesses. Officer Ferguson's uncontradicted testimony that defendant admitted his guilt, together with the corroborating evidence of defendant's resistance and flight was sufficient to establish his guilt beyond a reasonable doubt.

Defendant contends that the money that was introduced in evidence was not sufficiently identified as that which had been in the loan company safe. Carl Wilson testified on direct examination that the money which was introduced in evidence was the same money as that which had been removed from the safe and testified that the money which had been removed from the safe had been partially burned. The money which was introduced in evidence was likewise partially burned and was approximately the same amount, after making allowance for Wilson's payment to his confederates for their assistance in opening the safe. We are of the opinion that the money was properly admitted in evidence.

Defendant further urges that evidence of the circumstances of the attempted arrest and the shooting of officer Trigg was highly prejudicial and should not have been admitted and argues that the evidence does not clearly show

that officer Trigg identified himself as a police officer and that therefore it is insufficient to show that defendant had knowledge that he was being subjected to arrest at the time. Both officer Ferguson and officer Trigg testified that Trigg identified himself as a police officer and Trigg testified that he was holding his police badge in his hand. Defendant argues that he may have resisted either in self-defense or that he may have been resisting arrest for an entirely different reason from that charged in the indictment.

Evidence of resistance to arrest is competent as tending to show guilt of the crime charged in the indictment. (*McKevitt* v. *People,* 208 Ill. 460; *Jamison* v. *People,* 145 Ill. 357.) Defendant introduced no evidence to explain his resistance to the arrest, and, having failed to do so at the trial, cannot now contend that the evidence has no probative value.

Finally it is argued that the trial judge improperly considered at the hearing in aggravation the fact that defendant shot officer Trigg at the time of the attempted arrest. The evidence of the shooting was admissible in evidence as we have heretofore held. Prior to the imposition of sentence defendant admitted that he shot two police officers. While the sentence was severe, it was within the range established by the legislature and we will not question the trial judge's discretion on the imposition of sentence.

We have fully considered all of the assignments of error and are of the opinion that defendant received a fair trial and that the evidence was sufficient to establish his guilt beyond a reasonable doubt. The judgment of the criminal court of Cook County is therefore affirmed.

*Judgment affirmed.*