(No. 38176.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RAFEAL SERRANO, Plaintiff in Error.

*Opinion filed January 21, 1965.*

SINCLAIR KOSSOFF, of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and GEORGE KENNEY, Assistant Attorneys General, and ELMER C. KISSANE and MATTHEW J. MORAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

This case is before us on a writ of error to review the conviction of Rafael Serrano of unlawful possession of marijuana. Following a jury trial he was sentenced to imprisonment for a term of 5 to 10 years. Jurisdiction on direct appeal rests upon constitutional questions arising from an allegedly unreasonable search depriving defendant of rights guaranteed him by the fourth and fourteenth amendments to the Federal constitution, and section 6 of article II of the constitution of this State. Question is also raised as to the propriety of the prosecution's closing argument.

On June 29, 1961, a warrant issued out of the municipal court of Chicago authorizing a search of the premises of defendant, located at the Jet Hotel, apartment 24, 662 North Clark Street, Chicago. Police officers that same day proceeded to execute the warrant. As they came into the vicinity of defendant's address, they saw him in a car, accosted him, informed him of the search warrant, and, it is contended, placed him under arrest. His person was searched but nothing unusual was found. The officers thereupon took defendant into his hotel and to apartment 29 therein, located adjacent to apartment 24 and occupied by defendant's brother and the latter's wife, who were then sleeping. The couple was aroused and the apartment hurriedly searched. All were then taken to apartment 24. Defendant and his brother were handcuffed while the apartment was thoroughly searched, allegedly for about three hours. During this search, a disturbance in another part of the hotel caused one of the officers to leave. He returned shortly with some people he had taken into custody, whereupon the search was resumed. Twelve packets of marijuana were found and seized and these were subsequently introduced as evidence at the trial, a motion to suppress being denied. Defendant was taken into custody.

It is the primary contention of defendant that it was reversible error to deny the motion to suppress the marijuana. In support of this contention two Federal cases are brought to our attention where, taken together, it is stated that whether a search is reasonable, with or without a warrant, depends on the particular facts and circumstances of each case and that no hard and fast rules apply. (*White* v. *United States,* (D.C. cir.) 271 F.2d 829; *Abel* v. *United States* (2d cir.), 258 F.2d 485, affirmed, 362 U.S. 217, 4 L. ed. 2d 668.) With this we fully agree. (See *e.g. People* v. *Erickson,* 31 Ill.2d 230, 233.) We must therefore proceed to determine whether this search, under the circumstances here present, was constitutionally "unreasonable". If so, evi-

dence acquired during the course of the search is inad-. missible against one having standing to complain. *Preston* v. *United States,* 376 U.S. 364, 11 L. ed. 2d 777, 84 S. Ct. 881.

Defendant concedes the validity of the warrant authorizing the search but argues that the activity of the officers preceding and during this search so offends against "reasonableness" as to vitiate the legality of the entire action taken by them. Specifically, the alleged arrest and search of defendant's person outside the hotel, prior to the search of apartment 24, is said to taint with illegality all that thereafter transpired. With this contention we cannot agree. Since nothing was obtained during this search, it is difficult to see how defendant could have been prejudiced thereby. Substantially the same may be said concerning the search of apartment 29, defendant's brother's premises. Whether these ancillary searches were valid or not is of no concern here. For our purposes, they may be regarded as independent transactions not requiring invalidation of the subsequent proper search of apartment 24 pursuant to a valid warrant.

Conceding the disputed fact that the search here complained of lasted for three hours does not lessen its validity. The execution of a search pursuant to warrant can obviously have no exact time limitations placed upon it. Under the circumstances here present, there is no indication that the duration of this search was unreasonable.

Interwoven in defendant's allegations of unreasonableness of the search and seizure, and his contention that he was prejudiced by the closing argument, is his claim that the officers asked him, after finding the marijuana, whether it belonged to him. When he denied that it did, defendant claims he was told that the officers would have "to pin it on your brother" and that defendant then, in order to protect his brother, said: "Whatever you find in my room is mine". The officers, however, testified defendant said the

marijuana was his. No objection was made to the closing argument now claimed to be reversibly prejudicial in that it improperly emphasized the seizure of the marijuana under a "court order" (the search warrant), and also imparted to the jury an erroneous impression that defendant's admission was "the law of the case". It is sufficient answer to these contentions that since no objections were made to the questions or comments at the time they occurred nor challenges made to their propriety in the written motion for a new trial, they are deemed waived. *People* v. *Donald,* 29 Ill.2d 283, 287; *People* v. *Armes,* 28 Ill.2d 83, 87.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*