(No. 38694.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* ROBERT JAMES LONG, Appellant.

*Opinion filed January 19, 1968.*

Ward, J., took no part.

Robert James Long, *pro se*.

William G. Clark, Attorney General, of Springfield, John J. Stamos, State's Attorney, of Chicago, (Fred G. Leach, Assistant Attorney General, and Elmer C. Kissane and Eldridge R. Hersey, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice House delivered the opinion of the court:

Defendant, Robert James Long, otherwise called Robert Anderson and Mr. Fisher, was convicted by a jury in the circuit court of Cook County of armed robbery and aggravated kidnapping and was sentenced to the penitentiary for terms of 10 to 15 years and 15 to 25 years respectively, the sentences to run concurrently. Defendant raises constitutional questions in his appeal.

At the outset it should be noted that defendant chose to represent himself during his trial. He refused the services of the public defender and at his request the court appointed another lawyer to assist him in an advisory capacity only. The record shows that the trial judge was extremely patient with defendant and that he permitted defendant a greater latitude in presenting his case and in cross-examination of the proscution's witnesses than would ordinarily be accorded a lawyer. On appeal defendant has filed his brief *pro se* and

court-appointed counsel has filed a separate brief setting forth additional grounds for reversal.

The evidence, briefly summarized, shows that Clarence Reavely was abducted at gunpoint in the early morning of December 22, 1962, was blindfolded by a man later identified both by voice and sight by Reavely and his wife as the defendant, was taken to an unknown building and there forcibly confined until December 24, 1962. Defendant made several demands of Reavely, his wife, and another person for money in order to insure his safe release, took Reavely's keys and watch from him, and used the keys to enter his apartment several hours after the abduction where Mrs. Reavely saw and talked to the defendant. On December 24, 1962, defendant was arrested in Mrs. Reavely's car, after Mrs. Reavely had followed defendant's instructions in meeting him with regard to giving him $5,000 in cash for the release of her husband. At the time of his arrest, Reavely's keys and watch were found on defendant.

We first consider the points raised in defendant's brief filed *pro se*. His initial contention is that reversible error was committed when the trial court refused to declare a mistrial as the result of a prisoner's escape into the court room during trial. He argues that this incident so disrupted the trial proceeding as to *per se* deprive him of a fair trial.

It is the duty of the presiding judge to see that the proceedings are conducted in an orderly manner with proper decorum, and the control of the conduct of the trial rests with his discretion. (*People* v. *Arnold,* 248 Ill. 169; *People* v. *Richardson,* 17 Ill.2d 253.) Defendant cites several cases as being in support of his argument, but in those cases the disrupting incidents were caused by the parties involved in the trial, as counsel, witnesses, or contestants. Here the interruption was the result of the escape into the courtroom of a prisoner not involved in this case in any manner. The judge commended everyone for remaining calm and orderly. Some time later defendant moved for a mistrial and his

motion was denied. There is nothing to show that the incident described so disrupted the proceedings as to deprive him of a fair trial.

In his next three points defendant argues that three remarks made by the judge during his trial were so prejudicial to him as to require reversal. The first remark was prompted by defendant's repeatedly asking a police officer to state who took Reavely's watch off of defendant's arm after the officer testified that he did not know. The State objected to defendant's arguing with the witness, the objection was sustained, and defendant then argued that the police officer testified he saw the watch taken off but could not say who removed it. The judge then replied, "Well, you tell the jury then. Come on, let's have another question." Defendant did not object to this remark nor did he raise it as error in his written motions for judgment notwithstanding the verdict and for a new trial, but he argues on appeal that his constitutional right to remain silent was thereby violated.

The fact that defendant was appearing *pro se* cannot be used as an excuse for failing to object, particularly since counsel had been appointed and was available to advise him. (*People* v. *Richardson,* 17 Ill.2d 253.) Constitutional questions can be and are waived unless asserted at the trial (*People* v. *Bruckman,* 33 Ill.2d 150), and when no objections are made to questions or comments at the time they occurred nor raised in a written motion for a new trial, they are deemed waived. (*People* v. *Serrano,* 32 Ill.2d 84; *People* v. *Donald,* 29 Ill.2d 283; *People* v. *Armes,* 28 Ill.2d 83.) In any event, the remarks here complained of were provoked by defendant's own actions in persisting in a line of questioning to which an objection had been sustained. We have said that inadvertent remarks so provoked cannot be held prejudicial error. *People* v. *Taylor,* 32 Ill.2d 165, 169.

Defendant next complains of a comment by the court

in the jury's presence that the prosecutor was "magnanimous" in offering to supply defendant with his pretrial conference notes. Defendant argues that this remark indicated a leaning of the court in favor of the prosecutor and thereby was prejudicial to defendant. Again, defendant did not object to the remark and did not question it in his motions for judgment notwithstanding the verdict or for a new trial, therefore any error is deemed waived. (*People* v. *Serrano*, 32 Ill.2d 84.) Even if defendant had raised the point, the remark does not appear to have been prejudicial to defendant since it was not made with reference to a material issue (*People* v. *Young*, 398 Ill. 117), nor could the jury have interpreted this as a manifestation of hostility on the part of the judge toward defendant. (See *People* v. *Davis*, 35 Ill.2d 55.) In fact, after the prosecutor offered the notes defendant said that he was very fortunate in being able to receive them. There is nothing to show that this comment was prejudicial to defendant.

Defendant's final contention *pro se* concerns the court's statement to defendant that he would have stopped defendant's questioning sooner if he had been a lawyer. Defendant again argues that this was prejudicial to him. As we noted earlier, in examining the record it is apparent that the trial court was extremely patient with defendant and his trial tactics and strategy. It appears that defendant's primary intention at the trial was to attempt to create error in the record in order to obtain a reversal on appeal. The court's remark here again was provoked by defendant's deliberate actions in repeatedly cross-examining witnesses concerning areas previously covered, and although it may have been ill-advised, it cannot be held prejudicial. (*People* v. *Taylor*, 32 Ill.2d 165.) The question is not whether the record is perfect, but whether the defendant has had a fair trial and if his conviction is based on evidence establishing his guilt beyond a reasonable doubt. *People* v. *Sleezer*, 9 Ill.2d 57, 62.

Counsel for defendant alleges additional errors as grounds for reversal. He first contends that the court improperly instructed the jury in the language of the statute defining aggravated kidnapping while the indictment did not follow the statutory language. The indictment charged that defendant and another committed the offense of aggravated kidnapping in that they knowingly and secretly confined Clarence Reavely against his will for the purpose of obtaining money from Clarence Reavely. Section 10—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1961, chap. 38, par. 10—2), under which defendant was charged, defines aggravated kidnapping as kidnapping "for the purpose of obtaining ransom, money, benefit, or other valuable thing or concession from the person kidnapped or from any other person, * * *." The penalty for aggravated kidnapping for ransom is death if the jury returns a verdict of death, while conviction for aggravated kidnapping for any purpose other than for ransom is punishable by imprisonment only. It is defendant's theory that he was not charged with the capital offense of aggravated kidnapping for ransom, and therefore the court erred in instructing the jury in the language of the statute defining the capital offense. Ransom is defined as the "money, price, or consideration paid or demanded for redemption of a captured person." (Black's Law Dictionary, 1426 (4th ed. 1951); Webster Third New International Dictionary, 1881 (1961).) This court has defined kidnapping for ransom as consisting of the unlawful seizure of a person, the secreting of that person, and the extortion of ransom or other valuable thing or concession from the person seized and secreted, or his parent, guardian, or legal custodian. (*People* v. *Petitti,* 337 Ill. 625, 633.) Section 10—1(a)(1) of the Criminal Code does not require the unlawful seizure if the secret confining is against the individual's will. It is not essential to charge an offense in the precise language of a statute but it is sufficient to specifically set forth facts constituting the

offense. (*People* v. *Green,* 368 Ill. 242, 253; *Johnson* v. *People,* 113 Ill. 99.) The indictment here charged defendant with aggravated kidnapping, and then set forth the facts constituting the offense, that is, knowingly and secretly confining Clarence Reavely for the purpose of obtaining money from him. This was sufficient to charge defendant with aggravated kidnapping for ransom, therefore no error was committed in so instructing the jury.

Defendant next contends that the prosecutor's inquiry of a prospective juror as to whether he would be willing to return a verdict of death if the facts so warranted was prejudicial error. This contention is based on the assumption that the indictment failed to charge a capital offense as argued above, and is without merit since we said the indictment was sufficient.

Counsel's third point alleges the same errors as defendant raised in his brief *pro se,* therefore we need not comment on them again.

Next, defense counsel argues that defendant had the right to subpoena the public defender to prove his incompetence in support of a motion for new trial. The short answer is that defendant was not represented by the public defender and there was no need to subpoena him.

Finally, defendant contends in essence that the State failed to sustain its burden of proving defendant guilty beyond a reasonable doubt, in that there are discrepancies and conflicts in the testimony of the State's various witnesses. We have carefully examined the record and find there is ample evidence to support the conviction.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.