**UNITED STATES ex rel. Robert James LONG, Petitioner-Appellant,**

v.

**Frank J. PATE, Warden, Respondent-Appellee.**

No. 17282.

United States Court of Appeals Seventh Circuit.

As Amended Nov. 18, 1969.

Jan. 8, 1970.

Rehearing Denied Dec. 31, 1969.

Before CUMMINGS and KERNER, Circuit Judges, and WISE, District Judge.

WISE, District Judge.

This is an appeal from an order of the District Court denying appellant's application for a writ of habeas corpus. The District Court granted appellant a certificate of probable cause to appeal in forma pauperis.

Appellant alleges that his 1953 conviction for burglary and 1963 conviction for aggravated kidnapping and armed robbery were a violation of the United States Constitution. The convictions were affirmed by the Illinois Supreme Court in People v. Anderson, 17 Ill.2d 422, 161 N.E.2d 835 (1959) [1] and People v. Long, 39 Ill.2d 40, 233 N.E.2d 389, (1968).

## 1953 CONVICTION

In support of his application for a writ of habeas corpus appellant presents the following questions for determination with regard to his 1953 conviction:

1. Whether comments made by appellant to a policeman while traveling on a train from New Mexico to Chicago constituted a post-indictment confession;

2. Whether Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964) is retroactive and applicable to the facts of this case;

3. Whether the admission of a co-defendant's redacted confession deprived the appellant of a fair trial;

4. Whether evidence that the appellant resisted arrest was properly considered by the trial judge in fixing sentence; and

5. Whether the Illinois Supreme Court improperly refused to consider appellant's petition for a reduction in sentence.

After fleeing the jurisdiction appellant was located in New Mexico and in November, 1952 officer Ferguson was dispatched to return him to Chicago for

Joseph A. Marino, Glenn Dale, Md., for appellant.

William J. Scott, Atty. Gen., State of Ill., Chicago, Ill., Joel M. Flaum, Thomas J. Immel, Asst. Attys. Gen., of counsel, for appellee.

1. At the time of his 1953 conviction appellant was known as Robert Anderson.

trial. The return trip consisted of a 24 hour train ride, during which appellant and the officer engaged in conversation. Appellant contends he was interrogated by the officer, that he was permitted less than five hours sleep at intermittent intervals and was informed he would be given a Fifth District Lie Detector Test, which both knew to mean a physical beating. Fearing for his safety appellant confessed to Ferguson. Thus, appellant alleges that his confession was not a free and voluntary act.

At appellant's trial Ferguson testified as follows:

"I said to Robert that he appeared to be very intelligent and that he had a good mind, apparently. I said, 'Why don't you use it for something other than the theft you have chosen?' And he said to me that he was a burglar, that he intended being a burglar and a good one. I said, 'Well, if you're going to be, you could be a good one, or you should want to be a good one, but I can't see why you wouldn't rather say be a minister or a businessman of some type.' And he said 'Well, my business is burglarizing.'"

Appellant never challenged this conversation at his trial as being the result of police coercion or misconduct of any kind. Furthermore, in his hearing before the Illinois Supreme Court appellant simply denied that the conversation ever took place. People v. Anderson, *supra*. It now appears that appellant concedes the conversation did take place, but alleges that it was the product of duress and was elicited in violation of Massiah v. United States, *supra*.

■ Since the appellant's conviction became final before May 18, 1964, the date of the Supreme Court ruling in *Massiah*, the issue presented is whether *Massiah* should be given complete retroactive application. Basing our decision on the extent which the condemned practice infects "the integrity of the truth-determining process," Johnson v. New Jersey, 384 U.S. 719, 729, 86 S.Ct. 1772, 1779, 16 L.Ed.2d 882 (1964), and

weighing such finding "against the prior justified reliance upon the old standards and the impact of retroactivity upon the administration of justice," Stovall v. Denno, 388 U.S. 293, 298, 87 S.Ct. 1967, 1970, 18 L.Ed.2d 1199 (1967), we agree with the other circuits which have faced the question of *Massiah's* retroactivity, and hold it to be not retroactive. United States ex rel. Romano v. Fay, 360 F.2d 389 (2nd Cir. 1966), cert. denied sub nom. Romano v. Follette, 385 U.S. 1020, 87 S.Ct. 725, 17 L.Ed.2d 557 (1966); Lyles v. Beto, 363 F.2d 503 (5th Cir. 1966).

■ Appellant's constitutional challenge with regard to the admission of the confession of Braxton Anderson, appellant's uncle, at their joint trial in 1966 is predicated on Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). In *Bruton*, the Supreme Court held that admission into evidence of a co-defendant's confession at a joint trial in which the co-defendant did not take the stand denied the defendant his constitutional right of confrontation. In the present case appellant did not move for a severance in the trial court, despite the fact that he was informed prior to trial of the existence of his uncle's statement. In *Bruton* a severance was requested and denied. This case is also distinguishable from *Bruton*, because a third co-defendant took the stand, admitted his part in the crime and implicated appellant. This co-defendant was subjected to extensive cross-examination by counsel for appellant, and it was at that time that the state introduced the statement of appellant's uncle. It is also important that unlike *Bruton* appellant's name was deleted from the statement. In light of the foregoing it is the conclusion of this court that the rule set forth in Bruton v. United States, *supra*, was not violated at appellant's trial, and that he was not denied his right of confrontation.

■ Appellant also contends that the failure of the trial judge to give a limited instruction that the confession of appel-

lant's uncle, Braxton Anderson, at their joint trial in 1966 should be considered only against Anderson and not against the appellant, was violative of appellant's sixth amendment right of confrontation. We agree with appellant's contention that the failure of the trial judge to give a limited instruction was error. Cf. Bruton v. United States, 391 U.S. 123, 88 S. Ct. 1620, 20 L.Ed.2d 476 (1968). We find, however, that in light of appellant's own confession which was admitted into evidence and the testimony of one Carl Wilson establishing the petitioner's possession of the stolen property, the trial judge's error was harmless and does not require reversal. See Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969), Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed. 2d 705 (1967).

■ Appellant also contends that during the hearing in aggravation and mitigation of sentence the trial court improperly considered two untried indictments against him. Although appellant had not pleaded guilty to the two indictments, Illinois law provides, among other things, that for the purpose of determining sentence to be imposed, the court shall, after conviction, consider the evidence, if any, received upon trial, and shall also hear and receive evidence, if any, as to the moral character, life, family, occupation, and criminal record of the offender, and may consider such evidence in aggravation or mitigation of the offense. Ill.Rev.Stat., Ch. 38, § 1–7 (g) (1967). Since evidence of appellant's resisting arrest and subsequent flight to New Mexico, the subject matter of the two untried indictments was admitted at appellant's trial, it was properly considered by the trial court at the hearing in aggravation and mitigation.

■ Appellant's final contention is based on the fact that at the time the Illinois Supreme Court reviewed his 1953 conviction, it lacked the power to reduce the sentence without reversing the conviction. Courts are now empowered to reduce an excessive sentence without reversing the conviction, Ill.Rev.Stat., Ch.

38, § 121–9(4); Supreme Court Rule 615, Ill.Rev.Stat., ch. 110A, § 615, but appellant contends the Illinois Supreme Court refused to permit him to file a petition for reduction. In light of the fact that the Illinois Supreme Court has already held that appellant's sentence was not excessive and was within the range established by the legislature, People v. Anderson, *supra,* this court will not now question the trial judge's discretion in imposing sentence, nor will it question the refusal of the Illinois Supreme Court to reconsider appellant's petition for reduction of sentence. See United States v. Pate, 357 F.2d 911 (7 Cir. 1966).

### 1963 CONVICTION

In 1963 the appellant was convicted by a jury in the Circuit Court of Cook County of armed robbery and aggravated kidnapping. On this appeal he alleges that certain incidents occurred during his trial which deprived him of a fair trial, and also violated his privilege against self-incrimination. These same allegations were made on appeal to the Supreme Court of Illinois, and were rejected. People v. Long, *supra.*

■■ During appellant's trial a prisoner escaped from the "bullpen" adjoining the courtroom, causing a disturbance which the appellant alleges deprived him of a fair trial, since he was ordered removed from the courtroom while the disturbance was quelled. A presiding judge must see that the proceedings are conducted in an orderly manner, and the control of the conduct of the trial rests with his discretion. People v. Arnold, 248 Ill. 169, 93 N.E. 786 (1910); People v. Richardson, 17 Ill.2d 253, 161 N.E.2d 268 (1959). The appellant should establish that the trial judge abused his discretion in ordering the appellant's temporary removal from the courtroom. DeWolf v. Waters, 205 F.2d 234 (10th Cir., 1953). No such abuse has been shown.

The appellant raises further questions regarding the comments of the trial court which were considered by the Illi-

nois Supreme Court in detail, and concluded that such comments complained of were provoked by the appellant's own conduct.

A police officer testified that he did not know who took a watch from defendant's arm, and yet the defendant repeatedly asked him the same question. The state objected to defendant's arguing with the witness, and the objection was sustained. The defendant then argued that the Officer testified he saw the watch taken off but could not say who removed it. The Judge then replied, "Well, you tell the jury then. Come on, let's have another question." The defendant did not object to this remark nor did he raise it as an error in his written motions for judgment notwithstanding the verdict and for a new trial, but argues on appeal that his constitutional right to remain silent was thereby violated.

The appellant next complains of a comment by the court in the jury's presence that the prosecutor was "magnanimous" in offering to supply defendant with his pretrial conference notes. No objection was made at the trial as to this comment and the question was not raised in the motion for judgment notwithstanding the verdict or for a new trial. In fact, after the prosecutor offered the notes to the appellant, the appellant stated that he was very fortunate in being able to receive them.

The final contention concerns the court's statement that he would have stopped appellant's questioning sooner if he had been a lawyer. Constitutional questions can be and are waived unless asserted at the trial, People v. Bruckman, 33 Ill.2d 150, 210 N.E.2d 537 (1965), and when the appellant failed to object to the comments at the time they occurred and failed to raise the objection in a written motion for a new trial they are deemed waived. People v. Serrano, 32 Ill.2d 84, 203 N.E.2d 885 (1965); People v. Donald, 29 Ill.2d 283, 194 N.E.2d 227 (1963); People v. Armes, 28 Ill.2d 83, 190 N.E.2d 812 (1963). The

fact that the defendant was appearing *pro se* cannot be used as an excuse for failing to object, since counsel had been appointed to advise him. People v. Richardson, 17 Ill.2d 253, 161 N.E.2d 268 (1959).

Under the facts of this case, the district court properly denied appellant's petition for writ of habeas corpus.

The Court expresses its appreciation to Joseph A. Marino, a member of the Maryland bar, for his excellent services as court-appointed counsel for the appellant.

Affirmed.