THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. VANDAL DORN et al., Defendants-Appellants.

Third District   No. 75-379

Opinion filed March 31, 1977.

G. Joseph Weller and Robert Agostinelli, both of State Appellate Defender's Office, of Ottawa, for appellants.

Michael M. Mihm, State's Attorney, of Peoria (Michael B. Weinstein and James E. Hinterlong, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

This appeal is brought by the defendants, Vandal Dorn and Ivan Hines, from a judgment of conviction in the Circuit Court of Peoria County for the offenses of rape, deviate sexual assault and intimidation against Hines and for the offenses of rape and deviate sexual assault against Dorn. The facts in this case are the same as those in *People v. Sweeney* (3d Dist. 1977), 46 Ill. App. 3d 858, 361 N.E.2d 344, and, since the facts are set out fully in that case, we choose not to iterate them here. In addition, issues raised in the appeal which coincide with issues raised in the *Sweeney* appeal are decided in accordance with the reasoning set forth in our decision of the *Sweeney* appeal. (See *People v. Sweeney* (3d Dist. 1977), 46 Ill. App. 3d 858, 361 N.E.2d 344.) For that reason, this opinion will not reconsider issues decided in the *Sweeney* opinion.

■■ The first issue to be dealt with in this opinion is whether the evidence failed to prove the defendant Dorn guilty beyond a reasonable doubt. Dorn testified that, about 45 minutes after the girls arrived at the house, he left to deliver a borrowed car. When he returned, according to his testimony, the complaining witness was already in the bedroom, and when he went to the bedroom, Anderson, without comment and with no force being applied, performed oral sex and joined in sexual intercourse with him. On the other hand, the complaining witness testified that, when Dorn entered the bedroom, he used force to make her perform oral sex and submit to sexual intercourse. When conflicting evidence is presented, it is within the province of the trier of fact to decide which story is to be believed. (*People v. McClure* (1st Dist. 1976), 42 Ill. App. 3d 952, 356 N.E.2d 899.) A reviewing court will not reverse a conviction unless the evidence is so improbable as to raise a reasonable doubt. (*People v. Mills* (1968), 40 Ill. 2d 4, 237 N.E.2d 697; *People v. Therriault* (1st Dist. 1976), 42 Ill. App. 3d 876, 356 N.E.2d 999.) After a careful review of the record we find sufficient facts in evidence to support the finding of the jury.

The next issue raised by the defendant is whether, on cross-examination of Martha Anderson, the defense counsel should have been allowed to delve more specifically into the witness' knowledge of the unchastity of her companion, Debbie Waddell. The defense was allowed to question the witness as to Waddell's general reputation but was prevented, after an objection by the State, from attempting to elicit the fact that Anderson knew Waddell had been arrested in Florida on a morals charge which allegedly involved prostitution.

■■ Since lack of consent is an essential element of the offense of rape,

the general reputation of the prosecutrix for immorality and unchastity may be shown. (*People v. Collins* (1962), 25 Ill. 2d 605, 186 N.E.2d 30.) However, this proof must be limited to general reputation, not proof of specific acts. *People v. Collins* (1962), 25 Ill. 2d 605, 186 N.E.2d 30.

In the case at bar, the defense was examining the prosecutrix, not on her own reputation, but on the reputation of her companion. The relevancy of this testimony is not in issue because the State opened the door to its presentation. Even so, the trial court did limit the examination to general reputation, explicitly excluding any questioning concerning specific acts. The witness admitted Waddell had a bad reputation, after which the following colloquy occurred:

"Q. And when you say she told you she had a bad reputation, what do you mean?

A. She told me she had been pretty wild.

Q. What do you mean by, 'She had been pretty wild.' "

The trial court sustained the State's objection to the last question.

■■■ Where evidence of a person's character is introduced at a trial, such evidence is confined to proof of that person's general reputation. (*People v. Willy* (1921), 301 Ill. 307, 133 N.E. 859.) This general reputation is not established by the personal knowledge of the witness but by what some relevant social group (*e.g.*, people in the community), as a whole, thinks of the person. For that reason, it is improper to cross-examine a character witness as to the witness' own knowledge of particular acts of misconduct on the part of the person whose character is being testified about. (*People v. Greeley* (1958), 14 Ill. 2d 428, 152 N.E.2d 825; *People v. Hermens* (1955), 5 Ill. 2d 277, 125 N.E.2d 500.) Such cross-examination is limited to disparaging rumors and conversations which the witness has heard in the community. *People v. Greeley* (1958), 14 Ill. 2d 428, 152 N.E.2d 825; *People v. Willy* (1921), 301 Ill. 307, 133 N.E. 859.

■■ From the line of questioning, it is obvious that, although the defense counsel may have begun by asking questions concerning Waddell's reputation, at the time of the objection, the cross-examination was improperly delving into the witness' personal knowledge rather than Waddell's general reputation in the community. As a result, the trial court properly sustained the State's objection.

The defendants contend that the trial court erred in allowing, over a defense objection, the complaining witness to testify about an alleged "theft" since this evidence of a crime other than those for which the defendants were being tried had no probative effect. The alleged "theft" referred to was the removal of certain items from the purses of Anderson and Waddell while they were in the Arapahoe clubhouse.

The general rule is that evidence of the commission of other crimes committed by the accused is inadmissible. (*People v. Gregory* (1961), 22

Ill. 2d 601, 177 N.E.2d 120.) The exceptions under which such evidence may be admitted include when the unrelated crime aids in establishing identity, or tends to prove design, motive, knowledge or modus operandi or when the evidence of the unrelated crime is so closely connected with the main issues of the crime charged as to justify admission. Under these circumstances, the relevancy of the unrelated crime outweighs any possible prejudice to the defendant. See *People v. McDonald* (1975), 62 Ill. 2d 448, 343 N.E.2d 489; *People v. Therriault* (1st Dist. 1976), 42 Ill. App. 3d 876, 356 N.E.2d 999; *People v. Cruz* (1st Dist. 1976), 38 Ill. App. 3d 21, 343 N.E.2d 227; *People v. Scott* (1st Dist. 1968), 100 Ill. App. 2d 473, 241 N.E.2d 579.

■■ Although the instant case does not fall clearly within any of these exceptions, we are not convinced the testimony was elicited to demonstrate the defendants propensity to commit a crime, but rather to aid in establishing lack of consent on the part of Anderson and Waddell. Therefore, the robbery is related to and interdependent with the other offenses and, for that reason, the trial court did not err in allowing the testimony into evidence. See *People v. Sutton* (3rd Dist. 1977), 45 Ill. App. 3d 739, 359 N.E.2d 1132.

■■ In a related issue, the defendants argue that the trial court erred in failing to give, *sua sponte*, a limiting instruction on the use to which the jury could put the evidence of the robbery. Neither party tendered such an instruction. The failure of the trial court to give this instruction was not plain error, and, as a result of not tendering a limiting instruction, the defendants waived the right to claim this error on appeal. *People v. Grashoff* (3d Dist. 1974), 21 Ill. App. 3d 282, 315 N.E.2d 209; *People v. Holt* (3d Dist. 1972), 7 Ill. App. 3d 646, 288 N.E.2d 245.

The last issue to be addressed in this opinion is whether the trial court's efforts to maintain courtroom decorum and jury security unduly prejudiced the defendants by unnecessarily creating the impression that the defendants' associates were of a dangerous character and were attempting to intimidate the jury.

During the presentation of the defense case, the prosecutor asked the court for a restraining order against the membership of the defendants' motorcycle club, alleging that chains and knives were being brought into the courtroom and that photographs had been taken of the jury. The prosecutor explained that he had been informed by one of the jurors about picture taking after the jury was dismissed the previous evening. No evidence was presented to support these allegations. However, at the suggestion of the defense counsel, the entire jury was questioned by the court regarding their awareness of any photography. Two jurors had seen a photographer in the lobby and a third saw some plainly unrelated picture taking outside the building. The court asked whether the

photographer in the lobby was wearing the "colors" of a motorcycle group. One juror answered affirmatively. The jury was informed that persons entering the courtroom were searched. In addition the court expressed its desire to insure a fair trial for both sides by an uninfluenced and impartial jury. Finally, the court made a "partial sequestration order" in which the jury would be kept together during the trial day and would be escorted to and from the courthouse.

Each juror specifically stated that his or her decision would not be influenced by the picture taking activities, and no jurors asked to be relieved of his or her responsibilities. Furthermore, although the defense counsel, in the motion for a new trial, asserted that the court erred in ordering the partial sequestration, no challenge or objection was raised by the defense at the time the action was taken.

When it is argued that the activity of the trial judge deprived the defendant of a fair trial, it is the duty of the appellate court to consider the issue even though a timely objection was not made. (See *People v. Sprinkle* (1963), 27 Ill. 2d 398, 189 N.E.2d 295; *People v. McGrath* (1st Dist. 1967), 80 Ill. App. 2d 229, 224 N.E.2d 660.) However, it is the duty of the presiding judge to ensure that orderly proceedings are conducted and the proper decorum is maintained in the courtroom. *People v. Long* (1968), 39 Ill. 2d 40, 233 N.E.2d 389. The control of the conduct of the trial rests with the presiding judge. *People v. Long* (1968), 39 Ill. 2d 40, 233 N.E.2d 389.

■■ In the case at bar, we believe the trial judge did not abuse his discretion, but took appropriate and immediate action to minimize any prejudice and to guarantee a fair trial to both parties. If the disruptive behavior of the defendants' associates was held to require a mistrial in this case, such behavior, by allowing the defendant to gain a mistrial whenever it was advantageous, would reduce our system of justice to a farce.

The defendants cite several cases which are distinguishable because, in those cases, the trial judge made some statement from which the jury could infer that his opinion was in favor of one of the parties. This appeal does not present such a situation.

Accordingly, the judgment of the Circuit Court of Peoria County against Vandal Dorn and Ivan Hines is affirmed.

Affirmed.

ALLOY, P. J., and STENGEL, J., concur.