THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MABRY GOODWIN, Defendant-Appellant.

Fifth District    No. 80-504

Opinion filed July 29, 1981.

Robert H. Rice and Stephen R. Rice, both of Belleville, for appellant.

William A. Schuwerk, Jr., State's Attorney, of Chester (Martin N. Ashley and Nicholas B. Svalina, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

Defendant Mabry Goodwin appeals the judgment of the Circuit Court of Randolph County convicting him of the voluntary manslaughter of Dr. Richard Bryant. The defendant had been charged with the murder of Bryant and Catherine Goodwin, defendant's wife. The charges were consolidated for a single trial because the killings arose from the same incident.

At the original trial the defendant was found guilty of the voluntary manslaughter of his wife. However, a mistrial was granted under the information charging defendant with Dr. Bryant's murder when the jury failed to reach a verdict on this charge. In a second trial, the defendant was found guilty of voluntary manslaughter and this appeal followed.

The only direct testimony concerning the killings was given by the defendant and was essentially the same at both trials. Our opinion in *People v. Goodwin* (1981), 98 Ill. App. 3d 726, 424 N.E.2d 425, contains a

summary of the defendant's account that he had discovered his wife and Bryant engaging in apparent sexual misconduct in his home and shot them in self-defense after Bryant had picked up a loaded automatic pistol and repeatedly "snapped" it at the defendant in an unsuccessful attempt to shoot the defendant. The theory of the State was that the defendant had fabricated his claim of self-defense and then altered the scene of the crime to corroborate his story.

During the State's case in chief, Frank Cooper, a crime scene technician, was called as a witness. Referring to photographs of Dr. Bryant's body, Cooper testified that the victim's pants were "pulled down" below the buttocks, although they were zipped and buttoned. Defense counsel objected to the characterization of "pulled down" stating that this was a conclusion that the jury must make. The trial court overruled the objection.

Gary Ashman, an agent for the Illinois Division of Criminal Investigation, testified that an automatic pistol found in Bryant's hand at the scene had six rounds in the clip and an empty chamber. No shells from this weapon were found at the scene. On cross-examination defense counsel demonstrated that the weapon could be "snapped" without firing when the clip was inserted only partially. The witness agreed that if the slide mechanism were pulled back and released to actuate the firing mechanism, he would assume that a round was in the chamber, even though this would not be the case if the clip were only partially inserted.

After defendant presented his case of self-defense, the State called the widow and a friend of the victim in rebuttal. Both testified that Dr. Bryant was very experienced in the handling and operation of handguns. They each further testified that they had never seen Dr. Bryant point a gun at anyone. The defendant objected to this latter testimony of both witnesses as improper rebuttal and irrelevant. The trial court overruled the objections.

The jury found defendant guilty of voluntary manslaughter. He was sentenced to seven years imprisonment and a fine of $2,500.

The question at trial was whether defendant had killed Dr. Bryant in self-defense or whether he fabricated his story and then altered the scene of the crime to corroborate his claims. Defendant argues that the trial court improperly permitted a witness, Officer Cooper, to draw a conclusion that could only be drawn by the jury. The court allowed Officer Cooper to characterize the victim's pants as being "pulled down." Because the theory of the prosecution was that the defendant pulled the victim's pants down after he was killed, defendant contends that this statement was a conclusory opinion of an ultimate fact under the evidence of the case. We do not agree.

■■■ The question for the jury was not whether the victim's pants were

pulled down but rather who was responsible for pulling them down. A witness may summarize sensory perceptions without invading the province of the jury. (*People v. Sprinkle* (1979), 74 Ill. App. 3d 456, 393 N.E.2d 94.) The photographs admitted into evidence showed that the victim's pants were in fact pulled down. Officer Cooper's statement was merely a description of a physical fact. A witness may describe a condition ascertainable by observation and clearly shown by photographs in evidence. (*Gale v. Hoekstra* (1978), 59 Ill. App. 3d 400, 375 N.E.2d 456.) Because Officer Cooper's testimony did not specify who he felt was responsible for the condition, the province of the jury was not usurped.

Defendant also contends that the trial court erred in permitting the two rebuttal witnesses to testify that they had never seen the victim point a gun at anyone. Prior to the rebuttal testimony, defendant moved *in limine* to preclude rebuttal testimony about the victim's expertise with firearms. Defense counsel observed that the defendant had already testified to the victim's expertise with firearms, that testimony that the victim would never point a gun at anyone would be improper rebuttal, and that the apparent purpose of the rebuttal was to conclude the trial with the widow on the stand. The State argued that evidence of the victim's expertise with firearms was proper to rebut the defendant's testimony that the victim had pointed the weapon at the defendant but had been unable to fire it. The court denied the motion *in limine*.

The victim's widow and friend each responded in the negative when asked if they had ever seen the victim point a gun at "another human being." In both instances defense counsel objected on grounds of improper rebuttal and irrelevancy. The victim's friend also stated that the victim was "very safety-minded" about weapons.

■■ We have no difficulty concluding that the evidence of the victim's expertise with firearms was relevant to rebut the defendant's account of the killing. That is, the testimony as to the victim's expertise with handguns did tend to refute the defendant's testimony that Bryant had been unable to fire an automatic pistol when the clip was fully loaded.

■■ However, as the defendant asserts, the rebuttal testimony that the victim had not been observed to point a weapon at another human being did not, without some intermediate inference, tend to disprove any aspect of the defendant's story. The State seeks to characterize the testimony as evidence of a habit of care with guns, which properly tended to prove that the victim acted in conformity with this habit at the time in question. We fail to see how a person's habit of safety in handling firearms in ordinary situations would tend to prove anything about how he behaved under the circumstances at issue.

■■ ■ Nor can the testimony be convincingly dismissed as a harmless irrelevancy. The inescapable intent and effect of its introduction was to

attack the defendant's story by raising an inference of the victim's peaceable character. Wigmore advocates introduction of evidence of the deceased's peaceable character when the issue of self-defense has been raised, even though the defendant has not first introduced the deceased's violent character. (1 Wigmore, Evidence §63, at 471 (3d ed. 1940).) But in Illinois, where the character of the deceased as a peaceable man has not been attacked by the defendant, it is error for the State to prove peaceable character in rebuttal. (*Kelly v. People* (1907), 229 Ill. 81, 82 N.E. 198.) Furthermore, evidence of character is confined to proof of a person's general reputation, and it is error to prove character by personal opinion or specific acts. *People v. Willy* (1921), 301 Ill. 307, 133 N.E. 859; *People v. Dorn* (1977), 46 Ill. App. 3d 820, 361 N.E.2d 353; *People v. Allen* (1976), 35 Ill. App. 3d 342, 341 N.E.2d 431.

■■ The complained-of testimony was erroneously admitted under both *Kelly* and the authorities confining evidence of character to proof of reputation. The State argues that the defendant failed to specifically object on the ground of improper character evidence. However, we do not believe that the error was waived where the defendant objected to the testimony at both trials on the ground of improper rebuttal and moved *in limine* to preclude its introduction at the second trial.

■■ Nor do we find a lack of prejudice. The questions of fact in this case were close. At the first trial, the jury was unable to return a verdict with respect to the killing of Dr. Bryant. At the second trial, the jury returned the lesser verdict of voluntary manslaughter on a charge of murder. The improper character evidence was used to rebut defendant's claim that the deceased attempted to kill him. This was the major issue in the defendant's case. Where the issues were as close as the ones presented, the fact that the jury was painted a better picture of the deceased than was allowed by law constitutes reversible error.

The judgment of the Circuit Court of Randolph County is reversed, and the cause is remanded for a new trial.

Reversed and remanded.

KASSERMAN, P. J., and WELCH, J., concur.