/THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HERMAN FLAGG, Defendant-Appellant.

First District (3rd Division)    No. 1—90—2134

Opinion filed March 30, 1994.

Gary Sternberg, of Sternberg & Associates, P.C., of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Christine Cook, and Michael Bonaguro, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE TULLY delivered the opinion of the court:

Defendant Herman Flagg was indicted for 10 counts of aggravated criminal sexual assault, 10 counts of criminal sexual assault and one count of unlawful restraint. Flagg was found guilty of two counts of aggravated criminal sexual assault and sentenced to 20 years' imprisonment in the Illinois Department of Corrections.

On the night of November 13, 1988, Dominique L. was in the third grade at Goodman School. At the time of the alleged assault, Dominique and her sister Tomisena were sleeping in their mother's bedroom. Their mother, Olivia L., Tony Julious and defendant were in the living room watching video movies and drinking beer. The facts are in dispute as to whether the three were just drinking or whether they were also "shooting dope" and ingesting cocaine. In any case, Olivia and Tony left the apartment to look for either more beer or cocaine, leaving defendant to watch the girls.

According to Dominique, the nude defendant crawled into her bed. Defendant picked up Dominique and carried her to the couch, where he did not attempt to pull or remove her nightgown. Dominique then ran back to the bedroom pursued by defendant, who then sat next to her on the bed. Using two anatomically correct dolls, Dominique demonstrated how defendant pulled her nightgown up and then put his finger, tongue and penis into her vagina. Although she attempted to awaken her sister, defendant threatened that if she told anyone he would kill her. When her sister eventually awoke, defendant left the bedroom.

When Dominique's mother arrived at home at approximately 4:30 a.m., the children informed her that defendant had sex with Dominique. Defendant explained to Olivia L. that he had taken off his clothes with the aim of sleeping in Olivia's room.

After defendant dressed and left the apartment, Olivia contacted the police and took Dominique to St. Bernard's Hospital. Olivia told the treating physician, Dr. Gulan Siddiqui, what had happened. Siddiqui found no visible marks on Dominique's body though he did find a white sticky substance in the area of her labia which later tested negative for semen. However, a pelvic examination revealed an inflamed, stretched-out hymen, probably penetrated by a foreign object. In Siddiqui's expert opinion, Dominique had been the victim of a sexual assault.

Chicago police officer Dennis Kettering testified that on the following day, at approximately 11:25 a.m., defendant flagged him down and confessed that he had "gotten high" and had had sex with an eight-year-old girl. Defendant was taken into police custody. Chicago police detective Frank Connolly then read defendant his rights and questioned him about the events of the prior evening. Defendant explained that he had been drinking and "shooting dope" all night and that cocaine made him sexual. When he saw Dominique, he climbed into bed with her and performed an act of cunnilingus upon her. He could not recall if he had sexual intercourse with Dominique. The assistant State's Attorney gave defendant his *Miranda* warnings, then the defendant made a statement similar to the one given to Detective Connolly.

Several of Dominique's teachers testified as to Dominique's learning disabilities. Joan Savoy had taught Dominique in the first grade and stated that Dominique was below average in most areas of study, requiring her to repeat the first grade. She also explained that Dominique had trouble distinguishing between fact and fantasy. Tamley L. testified that she had counseled Dominique as a special student. She described Dominique as moderately learning disabled.

Defendant testified that he had known Olivia L. for approximately 20 years and claimed that he would often socialize with Olivia while drinking and taking drugs. On the night of the incident, defendant claims that he, Olivia and Tony Julious were ingesting cocaine and engaging in sexual activity in the back bedroom and in the children's bedroom. Around 3 a.m. Olivia and Tony left the apartment in search of cocaine but instead returned with alcohol. Defendant denied having been naked when they returned as well as having sex with Dominique.

■ The first issue raised on appeal concerns whether certain courtroom expressions by the trial judge served to create prejudice against the defense counsel and deny defendant a fair trial. The trial court made several candid observations about the trial testimony during the course of the trial, which defendant has reiterated in his brief on appeal. However, defense counsel failed to object to these comments during trial or to preserve them in his post-trial motion. It is well established that unless a matter is both objected to at trial and specified in a post-trial motion it is waived on appeal. (*People v. Enoch* (1988), 122 Ill. 2d 176, 522 N.E.2d 1124.) The only exception to this is the doctrine of plain error, where the evidence is so closely balanced that the alleged error deprived the accused of a fair and impartial trial. *People v. Howard* (1992), 232 Ill. App. 3d 386, 597 N.E.2d 703.

We find that the evidence in this case is not so closely balanced that the remarks of the trial court require reversal pursuant to the plain error doctrine. The testimony of Dominique, her mother, and Officers Connolly and Kettering and the physical evidence more than sufficiently support a finding of guilt in this case.

In any case, courtroom expressions of candor or hostility have been upheld unless they are a material factor in the defendant's conviction. (*People v. Harris* (1988), 123 Ill. 2d 113, 526 N.E.2d 335.) Isolated comments do not constitute prejudicial error. (*People v. Holman* (1989), 132 Ill. 2d 128, 547 N.E.2d 124.) Moreover, where a remark does not appear to have been prejudicial and the jury could not have interpreted it as a manifestation of hostility, a reversal is not warranted. *People v. Long* (1968), 39 Ill. 2d 40, 233 N.E.2d 389.

■ The second issue raised on appeal addresses the alleged malicious prosecution of defendant by Olivia L. in that she wrongfully accused defendant because he had threatened to inform her husband of her drug usage and adulterous actions in his absence. During defense counsel's cross-examination of the victim's mother, the following exchange took place:

"Q. After Mr. Flagg left you decided you wanted to have [Dominique] examined, isn't that true?

A. Right.

Q. And in order to make that happen you decided you should call the police?

A. Yes. At that point I never had anything like that happen to me. So I didn't know whether to take her to the hospital first or to call the police first, [or to wait until] I got to the hospital and have the doctors notify police.

Q. Prior to that crime nothing like that had ever happened to you?

STATE: Object.

THE COURT: Sustained.

A. I mean, you know, not to my kids.

STATE: Object.

THE COURT: You're re-instructed to disregard.

DEFENSE: Judge, I ask for a side bar on this issue."

During the side bar, defense counsel argued that Olivia L. had perjured herself under oath since this type of assault had happened before. The trial judge responded that this impeachment testimony was entirely collateral to the issue of why Olivia L. called the police and asked them to take her to the hospital. The State argued, moreover, that the testimony was barred by the trial court's prior ruling on the State's motion *in limine*. While arguing this motion, defense counsel stated that the prior assaults were "evidence from a long time ago" and he did not intend to introduce them.

We agree. At no time during or prior to trial had defense counsel informed the court that he intended to proceed on a theory of vindictive motive by the mother of the victim. Attempts to create a motive theory for the first time on appeal are waived. Moreover, this area of testimony was explicitly covered during the State's motion *in limine*. Finally, this testimony, if allowed, was not so critical that it more probably than not would have changed the outcome in this case.

For all of the foregoing, the decision of the Cook County circuit court is hereby affirmed in all respects.

Affirmed.

RIZZI and CERDA, JJ., concur.