The People of the State of Illinois, Defendant in Error, *vs.* William Stacker, Plaintiff in Error.

*Opinion filed June 16, 1926—Rehearing denied October 8, 1926.*

1. Constitutional law—*what constitutes the subject of an act.* The subject of an act means the matter or thing forming the groundwork of the act, and may include any provisions that are germane to it and are such that if traced back will lead the mind to the subject as the generic head.

2. Same—*when title of an act is sufficient.* The title of an act is not required to be an index to or as comprehensive in matters of detail as the body of the act, but if the title fairly indicates a single, general subject and reasonably covers all the provisions of the act, so as not to mislead the General Assembly or the people, it is a sufficient compliance with the constitution.

3. Same—*general subject of act may comprehend many provisions.* An act having a single, general subject indicated in the title may contain any number of provisions, no matter how diverse they may be, so long as they are not inconsistent with or foreign to the general subject, and may be considered in furtherance of such subject by providing for the method and means of carrying out the general object, and it is for the legislature to determine how comprehensive the subject of the statute shall be and how much particularity shall be employed in the title.

4. Motor vehicles—*purpose of Motor Vehicle act.* The manifest purpose of the legislature in the enactment of the Motor Vehicle act is to bring the whole subject of regulating the use of motor vehicles under the control of the State.

5. Same—*section 41 of Motor Vehicle act, penalizing intoxicated drivers, is valid.* Section 41 of the Motor Vehicle act, (Laws of 1919, p. 687,) providing that any person driving a motor vehicle upon any public highway while intoxicated shall be punished by fine or imprisonment or both, does not violate section 13 of article 4 of the constitution as not being within the title of the act, as the enforcement of such a provision is a legitimate exercise of the police power to make effective the regulation of the use and operation of motor vehicles.

Writ of Error to the County Court of Hancock county; the Hon. Warren H. Orr, Judge, presiding.

HARTZELL, CAVANAGH & MARTIN, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, HOMER H. WILLIAMS, State's Attorney, and MERRILL F. WEHMHOFF, for the People.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

An information charging that William Stacker on July 4, 1925, while intoxicated, operated a motor vehicle upon a public highway in Hancock county was filed in the county court of that county. Stacker pleaded not guilty and waived a trial by jury. The court found him guilty, and after motions for a new trial and in arrest of judgment were overruled Stacker was sentenced to pay a fine of $100 and to be imprisoned in the county jail for thirty days. This writ of error followed.

The prosecution is based upon section 41 of the act entitled "An act in relation to motor vehicles and to repeal a certain act therein named," approved June 30, 1919, in force January 1, 1920, (Laws of 1919, p. 687,) which reads: "Any person who shall drive or operate a motor vehicle or motor bicycle upon any public highway of this State while drunk or intoxicated, shall, upon conviction thereof, for each offense, be punished by a fine of not more than two hundred dollars, or by imprisonment in the county jail for a period not exceeding sixty days or by both such fine and imprisonment."

No question of fact is involved on this review, but it is contended by Stacker, the plaintiff in error, that section 41 of the Motor Vehicle act violates section 13 of article 4 of the constitution, which provides that no act shall embrace more than one subject, and that shall be expressed in the title, because, he argues, (1) there is nothing in the title to the Motor Vehicle act which expresses the purpose of section 41; and (2) that section has no relation to

motor vehicles but is only concerned with the condition of the driver.

The constitutional provision that no act shall embrace more than one subject, which shall be expressed in the title, prohibits the passage of an act containing provisions not fairly included in the title. (*Milne* v. *People,* 224 Ill. 125; *Rouse* v. *Thompson,* 228 id. 522; *Sutter* v. *People's Gas Light and Coke Co.* 284 id. 634; *Public Service Co.* v. *Recktenwald,* 290 id. 314.) The subject of an act means the matter or thing forming the groundwork of the act, and may include many provisions that are germane to it and are such that if traced back will lead the mind to the subject as the generic head. (*People* v. *Solomon,* 265 Ill. 28; *Perkins* v. *Board of County Comrs.* 271 id. 449.) The general purpose of the constitutional provision is accomplished when a law has but one general subject which is fairly indicated by its title. The title is not required to be an index to or as comprehensive in matters of detail as the body of the act, but if the title fairly indicates the general subject and reasonably covers all the provisions of the act, and is not calculated to mislead the General Assembly or the people, it is a sufficient compliance with the constitutional requirement. Unless the act contains matters which have no proper connection with or relation to the title, or the title itself contains subjects without any proper relation to each other, the constitutional provision is not violated. The General Assembly must determine for itself how broad and comprehensive the object of the statute shall be and how much particularity shall be employed in the title defining it. An act having a single, general subject indicated in the title may contain any number of provisions, no matter how diverse they may be, so long as they are not inconsistent with or foreign to the general subject, and may be considered in furtherance of such subject by providing for the method and means of carrying out the general subject. (*Public Service Co.* v. *Recktenwald, supra; People* v. *Nel-*

*son,* 133 Ill. 565; *People* v. *McBride,* 234 id. 146; *Man-aster* v. *Kioebge,* 257 id. 431; *Perkins* v. *Board of County Comrs. supra;* *Sutter* v. *People's Gas Light and Coke Co. supra.*) Many acts containing numerous sections have very broad titles. "An act to revise the law in relation to criminal jurisprudence" embraces the entire Criminal Code and the title is not objectionable because of its generality. (*Fuller* v. *People,* 92 Ill. 182.) Among many other comprehensive acts with general titles are: "An act to provide for the incorporation of cities and villages;" "An act in relation to corporations for pecuniary profit;" "An act to revise the law in relation to counties;" "An act in relation to practice and procedure in courts of record;" "An act concerning public utilities;" "An act for the assessment of property and for the levy and collection of taxes;" and "An act to revise the law in relation to township organization." Each of these acts contains numerous provisions which, although not expressed in the general title to the act, are related to or have some connection, more or less direct, with the subject of legislation.

The manifest purpose of the General Assembly in the enactment of the Motor Vehicle act was to bring the whole subject of regulating the use of motor vehicles under the control of the State. (*People* v. *Sargent,* 254 Ill. 514.) The constantly increasing number of motor vehicles in use makes their careful operation a matter of great public importance. To permit an intoxicated person to drive a motor vehicle upon a public highway is a menace to the public safety. A provision which prohibits such driving in an act relating to motor vehicles and regulatory of their operation is germane to the general subject of the act. The enforcement of such a provision is a legitimate exercise of the police power to make effective the regulation of the use and operation of motor vehicles. *People* v. *Fernow,* 286 Ill. 627.

The objection that section 41 of the Motor Vehicle act has no relation to motor vehicles or their operation is not

tenable. The regulation of the use and operation of motor vehicles is included within the purpose of the act. (*People v. Clark,* 301 Ill. 428.) A motor vehicle cannot be operated without a driver, and an intoxicated driver is, in the interest of the public safety, properly denied the use of the public highway in an act relating to motor vehicles.

Section 41 of the Motor Vehicle act is within the title to that act and it does not contravene section 13 of article 4 of the constitution. The judgment of the county court must therefore be affirmed.

*Judgment affirmed.*