(Nos. 44903, 44910 cons.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. HENRY PICKETT, Appellant.

*Opinion filed May 21, 1973.*

Illinois Defender Project, of Chicago (PAUL BRAD-
LEY, Deputy Director, STEVEN CLARK, Assistant Dist-

rict Defender, LINDA WEST CONLEY, and CHARLES I. WEITZMAN, Senior Law Student, of counsel), for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield (JAMES B. ZAGEL and JAYNE A. CARR, Assistant Attorneys General, of counsel), for the People.

MR. JUSTICE RYAN delivered the opinion of the court:

The defendant, Henry Pickett, was indicted by the grand jury of St. Clair County for attempted armed robbery and for aggravated battery. Following a jury trial he was found guilty of attempted armed robbery and not guilty of aggravated battery. He was sentenced to a term of from 9 to 14 years in the penitentiary. The Appellate Court for the Fifth District affirmed the conviction with one justice dissenting. (2 Ill. App. 3d 560.) We granted leave to appeal.

It appears from the record that the case was submitted to the jury with instructions to return sealed verdicts. The sealed verdicts were returned and the following morning when the court convened, the judge, the jury, the State's Attorney, and the defendant were present in court but the defendant's counsel was absent. After a delay of 20 minutes during which an unsuccessful attempt was made to locate defendant's counsel the verdicts were received, read in open court, and filed. The defendant was then remanded to the custody of the sheriff. The jury was not polled and the defendant was not informed of his right to poll the jury. The defendant's counsel was privately retained and had represented him in the pretrial proceedings and throughout the trial. Following the return of the verdicts he continued to represent the defendant and filed a motion for a new trial and represented the defendant at a hearing on an application for probation and at the sentencing stage.

The defendant urges that his conviction must be reversed and the cause remanded for a new trial because he was denied his right to counsel at the time that the verdict was returned, received and filed in open court, which he contends was a critical stage of the proceedings. Because he was not represented by counsel at that time, he argues that he was deprived of his right to poll the jury.

The defendant's counsel who had represented the defendant throughout the trial filed the motion for a new trial about four weeks following the return of the guilty verdict. The motion was in writing and specified the grounds relied upon for a new trial as required by section 116–1 of the Code of Criminal Procedure (Ill. Rev. Stat. 1969, ch. 38, par. 116–1). The motion for a new trial did not raise the issue of counsel's absence at the time the verdict was received and filed, nor did it raise the issue that the defendant was denied his right to poll the jury.

The general rule followed by this court is that the failure by the defendant to raise an issue in the written motion for a new trial constitutes a waiver of that issue and it cannot be urged as a ground for reversal on review. (*People v. Nelson, 41 Ill.2d 364, 366; People v. Harris, 33 Ill.2d 389, 390; People v. Irwin, 32 Ill.2d 441, 443; People v. Touhy, 31 Ill.2d 236, 240; People v. Greer, 30 Ill.2d 415, 417; People v. Needham, 22 Ill.2d 258, 259.*) This waiver rule applies to constitutional questions as well as to other issues. (*People v. Long, 39 Ill.2d 40, 43; People v. Blec, 52 Ill.2d 544, 55.*) Our Rule 615(a) (Ill. Rev. Stat. 1971, ch. 110A, par. 615(a)) provides: "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court." This rule does not mandate that a reviewing court consider all errors involving substantial rights whether or not the same have been brought to the attention of the trial court. Rather the rule is a means of meliorating the harshness of the strict application of the general waiver rule. As this court stated in *People v. Burson, 11 Ill.2d*

*360,* at 370: "The court may, as a matter of grace, in a case involving deprivation of life or liberty, take notice of errors appearing upon the record which deprived the accused of substantial means of enjoying a fair and impartial trial, although no exceptions were preserved or the question is imperfectly presented." Likewise, in criminal cases in which the evidence is closely balanced this court has held that it may consider errors that have not been properly preserved for review. *People v. Bradley, 30 Ill.2d 597, 601; People v. Nowak, 372 Ill. 381, 382; People v. Gardiner, 303 Ill. 204, 207.*

We do not consider that the defendant was deprived of a fair and impartial trial nor was he prejudiced by the absence of counsel when the verdict was returned or by the fact that the jury was not polled. We also do not consider that the evidence is closely balanced. We find no reason for departing from the general rule that issues not properly preserved for review are waived. There is little dispute as to the facts in the case. The defendant and three other men drove to a tavern after closing hours. The front door of the tavern was unlocked by the female bartender to permit the defendant to enter. Defendant stated that he wanted to purchase a bottle of whiskey. As the bartender unlocked the side door to permit defendant to leave, two of defendant's companions rushed in. They were armed and they pushed the bartender behind the bar where she seized a pistol. As she did so, she was shot by one of the defendant's companions, whom she in turn shot and killed. She then shot the defendant, and the third bandit shot her in the arm, causing her to drop the gun. The defendant's defense was that he was not armed and knew nothing about the plan to rob the tavern and did not participate in the attempt to do so. However, he admitted coming to the tavern with the others, and the testimony of the bartender clearly involved the defendant in the attempted robbery.

It would seem logical that if the defendant's counsel believed that his absence when the verdict was returned

prejudiced the defendant, he would have raised the point in the motion for a new trial. Customarily, before a sealed verdict is returned, there is an agreement of counsel that the jury may return a sealed verdict and separate, and the defendant's counsel waives polling the jury. If such an agreement were made in this case but because of some oversight was not dictated into the record, this oversight could have been corrected at the hearing on the motion for a new trial if the issue had been raised. In *People v. Irwin, 32 Ill.2d 441,* at 443-444, this court stated: "Requiring defendant's written motion for a new trial to specify the errors allegedly entitling him to a new trial may save the delay and expense inherent in an appeal in those instances where the motion is meritorious. Additionally, it focuses the attention of the trial judge upon those aspects of the proceedings of which the defendant complains, and gives to the reviewing court the benefit of the judgment and observations of the trial court with reference thereto." Since defendant's counsel did not raise the issue in the motion for a new trial so that the same could have been considered by the trial court, we will not now consider it on review.

The Unified Code of Corrections, which became effective January 1, 1973, provides that if the offense being prosecuted has not reached the sentencing stage or final adjudication, then for purposes of sentencing the sentence provided under the Code applies if it is less than under the prior law upon which the prosecution was commenced. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1008—2—4.) The penalty provided for the offense of which the defendant was convicted, at the time his prosecution was commenced, was imprisonment in the penitentiary for not to exceed 14 years. (Ill. Rev. Stat. 1967, ch. 38, par. 8—4(c)(2).) The present statute classifies this offense as a Class 3 felony. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 8—4(c)(3).) Under the Unified Code of Corrections the maximum term of imprisonment for a

Class 3 felony is any term in excess of one year not exceeding 10 years. Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1(b)(4).

In *People v. Chupich (1973), 53 Ill.2d 572,* this court stated that the penalties provided by the Unified Code of Corrections are applicable to cases pending on appeal. We therefore hold that the lesser penalty provided by the Unified Code of Corrections is applicable to this case.

Section 5—8—1(c)(4) of the Unified Code of Corrections (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1(c)) provides that for a Class 3 felony the minimum term shall be 1 year unless the court, having regard to the nature and circumstances of the offense and the history and character of the defendant, sets a higher minimum term, which shall not be greater than one third of the maximum term set by the court. We conclude that these provisions require the case to be remanded to the trial court for sentencing.

The judgment of the appellate court affirming the judgment of conviction entered in the circuit court of St. Clair County is affirmed, and the cause is remanded to the circuit court for sentencing pursuant to the provisions of the Unified Code of Corrections.

*Affirmed and remanded, with directions.*