THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILBUR GUYNN, Defendant-Appellant.

(No. 75-3;

Third District—November 21, 1975.

Stanley A. Durka, of Watseka, for appellant.

Ronald E. Boyer, State's Attorney, of Watseka (James R. Benson, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendant Wilbur Guynn appeals from an order of the Circuit Court of Iroquois County finding him guilty of the offense of driving a motor vehicle while under the influence of intoxicating liquor in violation of section 11—501 of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, § 11—501). Defendant Guynn filed a motion to dismiss the complaint on the ground that the offense occurred on private property. This motion was denied. A bench trial was conducted and the evidence consisted solely of a stipulation of facts on behalf of the State and the defendant which read as follows:

"The parties stipulate that the State's evidence shows that the defendant was driving or in actual physical control of a vehicle while under the influence of intoxicating liquor on December 22, 1973, on private property in Iroquois County."

Following presentation of the stipulation, the State rested and the defendant moved for acquittal. The motion for acquittal was denied and the court found defendant guilty as charged. He was sentenced to a fine of $125 plus $10 in costs.

Defendant argues on appeal that the offense of drunken driving as set forth in section 11—501 referred to, cannot be committed on private property that is not devoted to a public or semipublic use. He also contends on appeal that he was not shown to have been actually driving a vehicle, and that if section 11—501 is construed to extend to wholly private property, the Act is unconstitutional.

There is nothing in the record to indicate the circumstances surrounding defendant's arrest. There is no showing where defendant was when arrested or what he was doing at that time and we must therefore rely solely on the one-sentence stipulation quoted herein for our record relating to facts.

■■ The State makes a preliminary contention that Guynn has waived all errors in the trial court by reason of the failure to file a post-trial motion. It is clear that error must be preserved either by objection at the proper time, or by filing of a post-trial motion (*People v. Long* (1968), 39 Ill.2d 40, 43, 233 N.E.2d 389) and that if a post-trial motion is filed, any errors not set forth in the motion are deemed to be waived (*People v. Pickett* (1973), 54 Ill.2d 280, 296 N.E.2d 856). No post-trial motion, however, is necessary in a bench trial (*City of Evanston v. Piotrowicz* (1960), 20 Ill.2d 512, 515, 170 N.E.2d 569; *Eckerty v. Lowman* (4th Dist. 1974), 16 Ill.App.3d 373, 375, 306 N.E.2d 356). The fact that in a bench trial a post-trial motion was not essential does not change the general rule in *People v. Long,* 39 Ill.2d 40, 233 N.E.2d 389, that the error must somehow be brought to the attention of the trial court so that the court might have an opportunity to correct itself or to correct the error involved.

In the cause before us the major question raised by the defendant is whether the offense of driving while intoxicated can be committed on private property. This issue was presented to and considered by the trial court. The other issue asserted and presented to us as an additional contention on appeal, that the stipulation was not sufficient to prove that defendant was "driving," was not argued in the court below. We would not be required to consider this issue on appeal but believe that the argument is clearly without merit.

■■ The basis of defendant's position is that "driving" is an essential element of the crime of "driving while intoxicated." (*People v. Jefferson* (1st Dist. 1971), 1 Ill.App.3d 484, 486, 275 N.E.2d 176; *People v. Ammons* (1st Dist. 1969), 103 Ill.App.2d 441, 445, 243 N.E.2d 709.) It is apparent from the cases referred to that the term "driving" is used to include both the actual operation of a moving vehicle and the circumstance of being "in actual physical control" of the vehicle, even though the vehicle may not be moving. Under the terms of the Illinois Motor Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, § 1—116), a driver is defined as "[e]very person who drives or is in actual physical control of a vehicle." In section 11—501(a) of the Code, it is specified:

"No person who is under the influence of intoxicating liquor may drive or be in actual physical control of any vehicle within this State."

It is apparent from the language of the Act that under section 11—501, a defendant is not required to be shown to have been actually operating a moving vehicle. (*People v. Chamberlain* (4th Dist. 1972), 5 Ill.App.3d 235, 282 N.E.2d 784.) In the *Chamberlain* case the complaint charged the defendant with only being in actual physical control while intoxicated. See also *People v. Mundorf* (2d Dist. 1968), 97 Ill.App.2d 130, 239 N.E.2d 690; *People v. Schulewitz* (1st Dist. 1967), 87 Ill.App.2d 331, 231 N.E.2d 678; Annot., 47 A.L.R.2d 570 (1956).

■■ In the cause before us, defendant stipulated that he was either driving or in actual physical control of the vehicle. He cannot successfully contend that the evidence was insufficient on this issue, since he has admitted it by the stipulation filed in the court below. *Gowdy v. Richter* (1st Dist. 1974), 20 Ill.App.3d 514, 521, 314 N.E.2d 549.

The principal challenge made by defendant to his conviction is that such offense cannot be committed on private property, at least without a showing that the property is put to some public use, as, for example, a public parking lot. The nature of the private property involved in the case before us is not shown. While most of the provisions of Chapter 11 of the Motor Vehicle Code apply exclusively to the operation of vehicles on highways, articles IV and V (including § 11—501) apply "upon the highways and elsewhere throughout the State." (See Ill. Rev. Stat. 1973, ch. 95½, § 11—201.) The designation "elsewhere" was construed to include privately-owned parking lots in *People v. Erickson* (2nd Dist. 1969), 108 Ill.App.2d 142, 145, 246 N.E.2d 457. The court distinguished there between private areas devoted to public uses or "semi-public" areas such as parking lots, and property devoted solely to private use. We do not, however, read the court's opinion in the *Erickson* case as stating that the type of private property not involved in a semipublic or similar

use is outside the reach of the statutes involved. To the extent that there could be such interpretation, such statement is simply *dictum* on the facts in the *Erickson* case since strictly private property was not involved in that case.

■■ We conclude the words "elsewhere throughout the State" encompass all areas of the State, public or private. While this issue is one of first impression in Illinois, in reaching this conclusion, we find support in the courts of other States where the statutory language is identical (see, *e.g., State v. Carroll* (1948), 225 Minn. 384, 31 N.W.2d 44; *State v. Valeu* (1965), 257 Iowa 867, 134 N.W.2d 911; *Cook v. State* (1964), 220 Ga. 463, 139 S.E.2d 383; *City of Seattle v. Wright* (1967), 72 Wash. 2d 556, 433 P.2d 906). The cases referred to recognize that the dangerous menace posed by the intoxicated driver is not ameliorated by the nature of the property on which he is driving or in control of a motor vehicle. (See Annot., 29 A.L.R. 3d 938, notably at 949 *et seq.* (1970).)

Defendant argues here that a sound public policy would allow people who become intoxicated to "sleep it off" behind the wheel of a parked car on private property. We do not see anything which would imply a legislative intent or public policy to permit an intoxicated person to "sleep it off" behind the wheel of a parked car, although that might be preferable to having him drive a car while intoxicated. A person behind the wheel of a parked car can readily move into a position where he can endanger other persons, property or vehicles. An offense can be committed in a parking lot as we have noted in *Erickson*. Additionally, we do not discern anything significantly different about strictly private property as against public property which would call for a different result in view of the legislative intent expressed by the language showing the application of the law is not restricted to highways but also operates "elsewhere throughout the State."

It is finally argued by defendant that to construe section 11—501 as we have, to make it applicable to incidents on private property, would make the Act unconstitutional. The issue as to constitutionality is also one of first impression in this State. Defendant argues only that the statute, as we construe it, is an abridgement of "American freedom" and an unjustifiable interference with property rights. The statute applies only to persons driving or in actual physical control of a vehicle *while intoxicated. Erickson* recognized the application of the statute in a particular situation, and the court in *People v. Stacker* (1926), 322 Ill. 232, upheld the predecessor of section 11—501 as against a constitutional attack and found that the legislature could "properly deny the use of the public highway" to intoxicated drivers.

We find nothing in those cases which indicates that the court would

have found the application of the Act to private property unconstitutional. Operation or control of a motor vehicle on private property could pose a danger to other persons, to property of others, and to other vehicles, and the violation would not occur simply when the vehicle leaves the private property, any more than the aiming of a loaded rifle at persons not on private property could be sanctioned simply because a rifleman is standing on his own private property. We are aided in construction of this section by the interpretations in other States, where similar acts were attacked on constitutional grounds. In *Cook v. State* (1964), 220 Ga. 463, 139 S.E.2d 383, where the Act regulated driving under the influence of intoxicating liquor "upon highways and elsewhere throughout the State" the Act was found not to violate due process clauses of the State and Federal constitutions. Similarly, in *Farley v. State* (1965), 251 Miss. 497, 170 So.2d 625, the court gave consideration to the language which made it illegal for an intoxicated person to "drive any vehicle within the State." The court in that case stated that the statute "is not a road regulation but a prohibition against an intoxicated person operating an automobile." The court found that this was logical because of the potential danger when an intoxicated person operates a motor vehicle. It was stated in the *Farley* case that a person in an intoxicated condition might not remain off the highway and actually might injure others in other places. See also *State v. Carroll* (1948), 225 Minn. 384, 31 N.W.2d 44.

The cases which have dealt with similar enactments, clearly support our conclusions as to the validity of the Illinois statute. We, therefore, conclude that the Act under consideration is not unconstitutional.

For the reasons stated, the judgment of the Circuit Court of Iroquois County is affirmed.

Affirmed.

STENGEL and BARRY, JJ., concur.