THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LINDA KAY COSLET, Defendant-Appellant.

Fourth District   No. 12710

Opinion filed June 17, 1976.

Richard J. Wilson and Thomas Nelson, both of State Appellate Defender's Office, of Springfield, for appellant.

Edward P. Miller, State's Attorney, of Tuscola (G. Michael Prall and Robert C. Perry, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Linda Coslet was convicted of voluntary manslaughter and the concealment of a homicidal death in connection with the death and disappearance of her husband, Jackie Coslet. She appeals, contending the trial court committed prejudicial error in admitting certain exhibits not furnished to the defense during pretrial discovery and in instructing improperly as to the definition of "homicidal death."

Jackie Coslet's body was discovered burned in a cornfield about six weeks after his death. Identification was difficult and the coroner would not determine the cause of death. X-rays of the body were submitted to a roentgenologist, who testified at trial that he found holes in the head which could have been caused by the entry and exit of a bullet and that, if the holes had been so caused, the probability of death from such a wound was strong. The defense objected to the admission of these X-rays or of any testimony based on these X-rays, because they were not included in the State's list of tangible evidence to be used at trial.

The State had an obligation under Supreme Court Rule 412 (Ill. Rev. Stat. 1973, ch. 110A, par. 412) to disclose tangible objects to be used at trial upon defense request. The State was deficient in this regard, as the X-rays were not furnished and the defense was not informed where the X-rays could be seen. Nevertheless, there is no showing of surprise or prejudice to the defense in regard to the X-rays, so their admission cannot be regarded as prejudicial error. *People v. Sanders*, 56 Ill. 2d 241, 306 N.E.2d 865, *cert. denied*, 417 U.S. 972, 41 L. Ed. 2d 1143, 94 S. Ct. 3178; *People v. Hunsaker*, 23 Ill. App. 3d 155, 318 N.E.2d 737.

■■ The record reveals that the defense was aware, from its own interview with the county coroner, that X-rays of the decedent were taken at Jarman Hospital and submitted to a named roentgenologist for examination. The State included that roentgenologist in its list of witnesses, along with the individual who took the X-rays. It is undisputed that prior to trial the defense was shown the roentgenologist's report and the conclusions therein, on which he based his trial testimony. Having been made aware of the existence of the X-rays and their importance to the State's case, the defense cannot claim surprise or prejudice at the offer of the X-rays into evidence at trial.

Defendant was charged under section 9—3.1 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 9—3.1) with concealing the death of another

person with knowledge that such person died by homicidal means. She contends it was error for the court to refuse her instruction on homicidal death:

> "When I used the phrase 'died by homicidal means', I mean death by a killing done without lawful justification";

and give instead the State's instruction:

> "When I used the term 'homicidal means', I mean the act of a human being in taking away the life of another human being."

The State's instruction was based on Black's Law Dictionary 867 (1968), but is harmonious as well with the definition of homicide in Webster's Third International Dictionary and the Oxford English Dictionary. Nevertheless, defendant contends that the statute refers only to concealment of felonious killings.

■■ There are no cases interpreting this section, nor is there anything in the statute to suggest that "homicidal" was used in anything other than its ordinary sense. For the court to instruct as requested would have lead to a strained and inaccurate reading of the statute plain on its face. We find no error in the court's refusal of defendant's instruction.

Subsequent to the filing of the principal briefs in this case, this court asked for supplemental briefs upon the issue of a possible conflict of interest within the holding of this court in *People v. Cross*, 30 Ill. App. 3d 199, 331 N.E.2d 643. The supplemental briefs have been filed. This court takes notice of its own records in the pending case of *In re Estate of Coslet*, 39 Ill. App. 3d 305, 349 N.E.2d 499, in which an opinion has been filed simultaneously with this opinion. In this case, it is apparent that defendant's court appointed counsel throughout the course of his representation of the defendant served also as counsel to the Tuscola National Bank, the administrator of the estate of Jackie Lloyd Coslet. As such attorney, he was responsible for the interest of all potential heirs to the estate, including those who would inherit in Linda Coslet's stead in the event of her conviction of murder (Ill. Rev. Stat. 1973, ch. 3, pars. 15a, 49a). This is a conflict that mandates reversal in the absence of a knowing and intelligent waiver. *People v. Stoval*, 40 Ill. 2d 109, 239 N.E.2d 441; *People v. Richardson*, 7 Ill. App. 3d 367, 287 N.E.2d 517; see also *Cross*.

■■ The State suggests that the fact of such conflict and any remedy for its existence might appropriately be considered in a post-conviction proceeding as in *People v. Arnold*, 17 Ill. App. 3d 1043, 309 N.E.2d 89. It seems more appropriate to us that this case be reversed and remanded to the trial court for an evidentiary hearing to determine whether there was a full disclosure of the facts as to the conflict and a waiver of such conflict by the defendant. If it is found, after such hearing, that there was a waiver, then a new judgment of conviction can be entered. In the event

there is no finding of waiver, a judgment is to be entered granting the defendant a new trial.

Reversed and remanded to the circuit court of Douglas County with directions.

TRAPP, P. J., and SIMKINS, J., concur.