THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
MICHAEL L. TRAVIS, Defendant-Appellant.

Third District   No. 75-378

Opinion filed October 29, 1976.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

C. Brett Bode, State's Attorney, of Pekin, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

After trial by jury in the Circuit Court of Tazewell County, Michael L. Travis, the defendant, was found guilty of the crime of armed robbery and sentenced to a term of imprisonment of not less than 4 years nor more than 4 years and 1 day.

The factual situation which resulted in the defendant's conviction is as follows: On September 19, 1974, between 10:15 and 10:30 p.m. the Hilltop Tavern located in Creve Coeur, Illinois, was robbed by three men. One of the robbers was armed with a sawed-off shotgun and one with a .357 magnum pistol. All of the robbers wore masks and rubber gloves. Being unable to open a safe located in the tavern, the robbers removed money located in drawers behind the bar.

While the robbery was in progress an off-duty police sergeant, Robert F. Thatcher, was in a car parked near the Hilltop Tavern. He observed an

automobile parked in the tavern parking lot and watched it depart and drive around the block three times, after which it was backed into the tavern lot and parked near the rear door of the building. The sergeant further observed one individual leave the parked vehicle, go to the front of the tavern where he surveyed the surrounding area, and then after pulling a gun from underneath his coat entered the tavern through its front door. It was at this time that Sergeant Thatcher informed his companion, Linda Wright, that a robbery was in progress and requested that she call the police. Immediately thereafter Sergeant Thatcher, in uniform and armed, approached the parked car which he had under surveillance and ordered the defendant, who was sitting in the driver's seat, to get out of the vehicle. The defendant complied with this order, was frisked but was found to be unarmed. Within a few minutes other policemen arrived at the scene and shortly thereafter a man identified as David Moore came out of the back door of the tavern and was apprehended by Sergeant Thatcher. Two other individuals with Moore slammed the back door and made their exit through the front door of the tavern. A Sergeant Gilliatt pursued these individuals to a place known as Rusche Field where he lost track of them in a wooded area.

In searching for the two robbers who were at large the police found a green Monte Carlo Chevrolet automobile which was licensed to the defendant and which was parked approximately two blocks from the tavern, near Rusche Field. Keys were in both the ignition and trunk of the vehicle. In the glove compartment of the defendant's automobile was found a box of Remington .357 magnum shells, with 12 shells missing from the 50-shell capacity box. Sergeant Thatcher testified during the defendant's trial that the shells found in the glove compartment and those found in the magnum gun carried by Moore were similar. There was some controversy during the trial as to whether or not a pair of blue plastic gloves was found in the defendant's possession. Evidence was adduced during trial which clearly established that the defendant executed a "prisoner's personal property receipt" and among the property itemized as belonging to the defendant was a pair of blue plastic gloves. Sergeant Thatcher further testified that he was acquainted with the defendant prior to September 19, 1974, the date of the robbery, and that on that evening he saw the defendant on several occasions driving the vehicle with three other occupants which he later saw at the Hilltop Tavern and in which the defendant was apprehended. Prior to the robbery Sergeant Thatcher had ascertained by license plate identification that this vehicle was owned by David Moore.

Linda Hughes, a bartender at the Hilltop Tavern, testified that the defendant was a regular customer and that he was in the business establishment at about 7 p.m. on the date of the robbery. She further

testified that the defendant after ordering a beer attempted to cash a payroll check, but that she advised him it was impossible to do so at that time since the owner of the business, a Mr. Van Dusen, would not bring in money for such purpose until about 10 or 10:30 p.m.

The owner Van Dusen testified that he arrived at the tavern on the evening in question between 9:30 and 9:45 p.m. for the purpose of removing money from the safe for the purpose of cashing second shift payroll checks. While the money was being transferred from the safe to a cash drawer Van Dusen visited with the defendant, who was drinking a beer. Richard Brewer, another bartender, saw the defendant leave after Van Dusen departed and the robbery was committed approximately one-half hour later.

Terry Covington testified that he was a friend of the defendant and had sold him a .357 magnum pistol a few weeks prior to the robbery. He further identified the gun taken from Moore as the one he had sold the defendant.

David Moore, the defendant's alleged accomplice, testified for the State. During his testimony he acknowledged that he had previously been convicted of robbing the Hilltop Tavern and was cooperating in exchange for a sentence of not less than 4 nor more than 12 years in the penitentiary; he also admitted prior convictions for the crimes of attempted burglary and burglary. During cross-examination it was established that Moore had been a mental patient, been arrested a number of times and on a prior occasion had testified for the State against individuals who had hired him to commit arson.

No useful purpose would be served to set forth the testimony of the witness Moore in detail. It can be summarized by stating that it clearly implicated the defendant as one of the participants in the robbery of the Hilltop Tavern. He testified that the defendant assisted in the planning of the robbery of the tavern and that an effort was made to locate Van Dusen's home for the purpose of robbing him at that location.

Other witnesses for the State testified that the defendant was present at so-called "planning" meetings prior to the robbery.

The defense presented witnesses who attempted to establish an alibi for the defendant to the effect that he was in the company of one Williams during the evening of September 19, 1974, and that at the Williams home the defendant played ping-pong from 6:30 p.m. to approximately 8:40 p.m. on that date.

The defendant testified in his own behalf and denied any participation in the robbery or planning sessions regarding the same. The defendant stated that he had loaned Moore the gun used in the robbery some four days prior to the date of the robbery since Moore needed it for protection in that he was receiving threats as the result of testifying in an arson case.

The defendant further denied having plastic gloves in his possession at the time of his arrest.

We have gone into considerable detail concerning the testimony presented at the defendant's trial but deem such a detailed recitation necessary in view of the issues presented to this court for determination.

The defendant first argues that it was reversible error for the court to give to the jury over objections by the defense an instruction on circumstantial evidence, since it is his contention that only direct evidence was presented.

■■ The instruction complained of is the standard definition of circumstantial evidence instruction set forth in Illinois Pattern Jury Instructions—Criminal No. 3.02 (hereinafter IPI—Criminal), which reads as follows:

> "Circumstantial evidence is the proof of facts or circumstances which give rise to a reasonable inference of other facts which tend to show the guilt or innocence of the defendant. Circumstantial evidence should be considered by you together with all the other evidence in the case in arriving at your verdict."

We are cognizant of the rule of law which states that this instruction should not be given when all the evidence is direct. (See Committee Note, IPI—Criminal No. 3.02, and also *People v. Gardner* (1954), 4 Ill. 2d 232, 122 N.E.2d 578.) It therefore devolves upon this court to make a determination as to the character of the evidence. Should it be classified as all direct evidence or was it partly direct and partly circumstantial? The testimony of the State's witness David Moore and that of the defendant was contradictory in every respect; hence, the jury had the right to consider circumstantial evidence and the inferences derived therefrom. Circumstantial evidence was abundant during the course of the trial, *e.g.*, the defendant made several trips to the tavern and inquired about the cashing of a check. He had been seen several times riding around the block where the tavern was located early in the evening prior to the robbery. It was circumstantial evidence to be considered as to when and why Moore received a gun from the defendant, said gun being the one used in the robbery. From this evidence, all circumstantial, the jury could have determined that the defendant was guilty of armed robbery as an aider and abettor. Intent must ordinarily be proved circumstantially by inferences drawn from conduct appraised in its factual environment. (*People v. Johnson* (1963), 28 Ill. 2d 441, 192 N.E.2d 864.) We can only conclude that the giving by the trial court of the circumstantial evidence instruction was not error.

■■ Lastly the defendant complains that he was denied a fair trial by the prosecutor's improper argument to the jury in which he expressed his opinion that the defendant was guilty. From the record it is clear that the

defendant was represented by an experienced and able lawyer, yet no objection was made to the prosecutor's argument to the jury. Where an objection is not made at trial or in a post-trial motion, no issue is preserved for review. (*People v. Dukett* (1974), 56 Ill. 2d 432, 308 N.E.2d 590; *People v. Guynn* (1975), 33 Ill. App. 3d 736, 338 N.E.2d 239.) The defendant having failed to make any objection to the prosecutor's remarks during final argument, the issue he now raises is not properly before this court and we deem it to be a subject not properly preserved for review.

For the reasons set forth the judgment of the Circuit Court of Tazewell County and the sentence imposed thereon is affirmed.

Judgment affirmed.

ALLOY, P. J., and STENGEL, J., concur.