THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
LARRY MILLER, Defendant-Appellant.

Third District No. 76-149

Opinion filed March 31, 1977.

James Geis and Robert Agostinelli, both of State Appellate Defender's Office, of Ottawa, for appellant.

William D. Henderson, State's Attorney, of Macomb (James E. Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant Larry Miller appeals from a judgment of guilt of the offense of rape following a trial before a jury in the Circuit Court of McDonough County. He was sentenced to a term of imprisonment of not less than 20 nor more than 30 years.

On appeal in this court defendant argues (1) that he was prejudiced by being forced to accept appointed counsel with conflicting professional commitments, (2) that the trial court erred in refusing to allow a lay witness, his wife, to express an opinion as to defendant's sanity, and (3) that the introduction into evidence by the State of the fact that defendant failed to mention a certain matter at a post-arrest interrogation was improper.

It appears from the record that on July 1, 1975, the defendant was charged by indictment with the offense of rape. On July 9, 1975, the defendant and Mr. Kenner Harris, his appointed counsel, appeared for arraignment and entered a plea of not guilty. At that time defendant expressed his objection to being represented by Mr. Harris, due to personal ill feelings about the fact that Harris had represented his prior wife in certain divorce proceedings, where a divorce was sought on grounds of mental cruelty and desertion. Defendant also stated he had not been satisfied with the representation of Harris in a prior, negotiated guilty plea in a criminal case. At the prior negotiated plea, the defendant, who had been charged with rape, pleaded guilty to unlawful restraint after a full explanation of his rights by the trial court. The trial court, after expressing familiarity and confidence in the ethics and dependability of Mr. Harris, refused to appoint other counsel to represent the defendant.

On September 9, 1975, defendant, acting through his attorney Harris, filed a motion that defendant be declared unfit to stand trial on the basis of defendant's alleged mental incompetence. This action followed defendant's apparent suicide attempt when he drank a substantial

quantity of toilet bowl cleaner. The fitness question was tried before a jury, and defendant was found fit to stand trial.

The instant case proceeded to trial by jury on January 26, 1976. Testimony at the trial established that defendant began drinking beer at about 7:30 a.m. on May 23, 1975, and continued to drink throughout the day and evening. Sometime between 9 and 10 that evening, defendant met Randy Wright in a bar in Macomb. The defendant and Wright then visited several bars, drinking extensively. Throughout the evening the pair traveled from bar to bar in defendant's car which was being driven by defendant. At the closing time of the last bar in which they drank that evening, defendant and Wright proceeded to a liquor store and purchased a 12-pack of beer. After they left the liquor store, the two offered a ride to Pat Sullivan and Michelle Grossman, two female students at Western Illinois University who were hitchhiking. Although the women requested a ride to a dormitory at the university, the defendant drove past the turn-off to the university and began to drive faster and faster. The women and Wright each asked defendant to turn the car around, but were told to "shut up." Defendant continued to drive the car, and hit Sullivan on the leg several times. Defendant stopped the car several times, telling the women that one of them would have to get out and that they would have to choose which one it would be. At one point, Sullivan picked up a full can of beer from the floor of the car and threw it at the defendant, hitting him in the face. During the drive, defendant threatened his three passengers, and displayed to the women some bullets which he had taken from the glove compartment of his car.

When defendant stopped the car for the last time, Sullivan and Grossman got out of the car and began running in different directions. The defendant chased Pat Sullivan and caught her about a block away from the car and led her back to the car. Defendant then proceeded to pull off Pat Sullivan's clothes and had intercourse with her against her will. Wright, who was standing next to the car, watched this occur. Subsequently, defendant drove off in his car leaving Wright and Sullivan behind. Wright and Sullivan then looked for and found Grossman. The defendant, testifying at the trial, remembered driving his car and picking up the hitchhikers, but had no recollection of the subsequent events which were testified to by Wright, Pat Sullivan and Michelle Grossman.

Defendant's wife, Jean Miller, testified in his behalf. She related an incident when the defendant, upon attempting to visit his daughter in the custody of his ex-wife at her new husband's home and being unable to do so, broke out the glass door of his ex-wife's house. She referred, also, to another incident when defendant became upset with the manner in which his supper was being prepared by Jean Miller, and proceeded to throw food and dishes on the floor and she also referred to incidents where

defendant, while visiting his ex-wife and her current husband, would get upset and mad. After Jean Miller had testified to these instances, she was asked if she had an opinion as to her husband's sanity. The State objected to this question, and the trial court sustained the objection on the ground that sufficient foundation had not been laid for the question.

The State called Sheriff John Bliven to testify in rebuttal. The sheriff stated that he had interviewed the defendant on the day after the incident in question, after defendant had signed a waiver of his rights. The sheriff was asked what the defendant's response was to questions about the incident, but the defense objection was sustained to that question on the ground that no proper foundation had been laid for impeachment. Subsequently, the State questioned the sheriff, without any objection by the defendant, as to whether the defendant had stated in the interview that he had no recollection of the prior evening. The sheriff replied that defendant had not. The defense, in subsequent cross-examination of the sheriff, asked only if the defendant had given the sheriff any account of the incident, and the sheriff replied that the defendant had not.

During the conference on instructions, defense counsel tendered instructions regarding the defense of insanity, but those instructions were refused by the court. Subsequently, the jury returned a verdict finding the defendant guilty of rape. Defendant filed a post-trial motion containing 13 allegations of error, but included none of the matters asserted on the instant appeal. The trial court denied the motion and sentenced defendant as we have indicated.

■■ The State makes the preliminary contention that the defendant has waived all errors asserted on this appeal by reason of the filing of his post-trial motion which did not refer to the matters raised in the instant appeal. As we had observed in *People v. Guynn* (3d Dist. 1975), 33 Ill. App. 3d 736, 737, 338 N.E.2d 239:

> "It is clear that error must be preserved either by objection at the proper time, or by filing of a post-trial motion (*People v. Long* (1968), 39 Ill. 2d 40, 43, 233 N.E.2d 389) and that if a post-trial motion is filed, any errors not set forth in the motion are deemed to be waived (*People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856)."

As we noted in *People v. Carel* (3d Dist. 1976 ), 37 Ill. App. 3d 952, 954, 346 N.E.2d 186:

> "Failure to either object or include the alleged error in the post-trial motion could normally result in a waiver of the issue on appeal."

We are, therefore, not required to consider the second and third issues presented by defendant on the instant appeal. We will, however, discuss the first issue, involving appointed counsel, since this issue is not waived.

■■■ The first issue raised by defendant on this appeal is that the trial court's refusal to appoint counsel other than Mr. Kenner Harris denied defendant effective assistance of counsel. Defendant's argument on this appeal goes largely to the alleged conflict of interest due to the representation by Harris of defendant's former wife in obtaining a divorce from defendant, although at trial defendant also expressed lack of confidence in the appointed counsel due to his representation of defendant in a prior negotiated plea in a criminal case. As the Illinois Supreme Court held in *People v. Stoval* (1968), 40 Ill. 2d 109, 111, 239 N.E.2d 441:

> "The right to the effective assistance of counsel is a fundamental right and entitles the person represented to the undivided loyalty of counsel. * * *"

Even though there was no showing that the appointed counsel did not conduct the defense of the accused with diligence and resoluteness, the court in *Stoval* reversed the defendant's conviction on the grounds that the law firm of which the appointed counsel was a member had represented the victims of defendant's crime, and that appointed counsel had in the past personally represented those victims, and that at the time of appointment the law firm with which appointed counsel was associated, continued to represent the victims. Illinois Courts have been careful to assure that an appointed counsel's representation of an accused is not burdened by conflicting interests arising from the appointed counsel's other activities. (*People v. Meyers* (1970), 46 Ill. 2d 149, 263 N.E.2d 81; *People v. Coslet* (4th Dist. 1976), 39 Ill. App. 3d 302, 349 N.E.2d 496, *appeal allowed*, 63 Ill. 2d 559.) In the instant case, defendant has not shown any concurrent representation by his appointed counsel which would burden counsel with conflicting interests. While Harris did represent defendant's former wife in the divorce proceeding, and while defendant argues that Harris could at any time be placed in the position of obtaining a modification of a custody or support order, defendant has not demonstrated any actual, concurrent representation of defendant's ex-wife by Mr. Harris. The mere speculation that defendant's former wife, may, in the future, seek representation by Mr. Harris is not sufficient to bring defendant within the *Stoval* rule.

For the reasons stated, the judgment of the Circuit Court of McDonough County is affirmed.

Affirmed.

STOUDER and BARRY, JJ., concur.