THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
LAWRENCE E. DIMOND, JR., Defendant-Appellant.

Third District   No. 76-350

Opinion filed December 7, 1977.

BARRY, J., specially concurring.

Robert Agostinelli and Michael J. Pelletier, both of State Appellate Defender's Office, of Ottawa, for appellant.

William D. Henderson, State's Attorney, of Macomb (James E. Hinterlong and John X. Breslin, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant Lawrence E. Dimond, Jr., appeals from a conviction of aggravated battery which was entered by the McDonough County Circuit Court following a jury trial, in which defendant was found to be guilty of such crime. Defendant Dimond was sentenced to a prison term of 3 to 9 years.

On appeal in this court, defendant Dimond argues that (1) his conviction of aggravated battery was not supported by sufficient evidence of bodily harm, a requisite element of the offense, and (2) the sentence imposed by the trial court is excessive.

It appears from the record in this cause that on November 24, 1975, defendant Dimond was charged by information with the offense of aggravated battery in violation of section 12—4(b)(6) of the Criminal

Code (Ill. Rev. Stat. 1975, ch. 38, par. 12—4(b)(6)). At the trial of this cause, Perry Cale, the owner of a body shop where the incident took place, together with several friends had been drinking and working on Cale's car. Defendant was a friend and occasional employee of Perry Cale. He came to the shop about mid-afternoon, left, then later returned and began to consume two fifths of peppermint schnapps. Defendant thereafter began to abuse persons present verbally. Defendant also struck Ray Holt, a friend of Cale, and Dimond, also, attempted to break one of the empty schnapps bottles. The police were called at Cale's direction.

When the police arrived, defendant had consumed both fifths of peppermint schnapps in a period of slightly more than one hour. The police officers tried to persuade defendant to go outside with them to discuss the disturbance, but Dimond refused to do so. Dimond also refused to hand over to the officers, a schnapps bottle which he held in his hand. Defendant then struck Officer Icenogle at least three times, in the hand, with the liquor bottle. He apparently also attempted to break the bottle and retain the broken bottle as a weapon. The officer testified at the trial that he was struck in the hand by the bottle and that it stung and caused him bodily harm. It was noted that during this period of time, defendant stated that he was attempting to break the bottle in order to kill the officer with it, and he made such threat to the officer. Defendant was thereafter taken into custody by the police.

Evidence for defendant indicated that defendant rarely drank and that after the scuffle at the body shop defendant was found to be acutely intoxicated when he arrived at the hospital. The jury returned a verdict of guilty of aggravated battery.

Following conviction, a sentencing hearing was held, at which the prosecution offered no evidence in aggravation, but recommended that defendant be sentenced to a term of imprisonment of from 3 to 9 years. The presentence report showed that defendant had an honorable discharge from the armed services and that he was married but had no children. He was a student at Western Illinois University at the time of the offense. Testimony was heard at the sentencing hearing from a former professor who taught a class in which defendant was present, defendant's landlord, a restaurant owner, and a classmate of defendant at the university, and from defendant himself. At the conclusion of the sentencing hearing, the trial court sentenced defendant to a term of 3 to 9 years imprisonment.

■■ ■ It is first contended by defendant that the conviction for aggravated battery should be reversed for the reason that there was insufficient evidence of bodily harm. While defendant had moved for a directed verdict at the trial on the ground that there was no bodily harm

shown to the officer, defendant did not present this issue in his written post-trial motion. As we noted in *People v. Guynn* (3d Dist. 1975), 33 Ill. App. 3d 736, 737, 338 N.E.2d 239:

> "It is clear that error must be preserved either by objection at the proper time, or by filing of a post-trial motion (*People v. Long* (1968), 39 Ill. 2d 40, 43, 233 N.E.2d 389) and that if a post-trial motion is filed, any errors not set forth in the motion are deemed to be waived (*People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856)."

It is notable that failure to either object or include the alleged error in the post-trial motion could normally result in a waiver of the issue on appeal. (*People v. Miller* (3d Dist. 1977), 46 Ill. App. 3d 882, 885, 361 N.E.2d 373.) While we are not required to consider the issue raised by defendant for the reasons noted, we do find that the information in the instant case alleged that defendant caused bodily harm to the officer, and that the officer testified at the trial that he was struck by the bottle which stung his hand and that at least one of the times he was struck he sustained bodily harm. Under such circumstances, we conclude that the requisite element of bodily harm was sufficiently established at the trial, and the jury was justified in the conclusion that defendant was guilty of aggravated battery involving a battery upon a police officer.

■■ Defendant also argues that the sentence of 3 to 9 years imprisonment is excessive. In view of the record presented, and since the nature of the bodily harm was not such as to cause any severe damage, as noted from the record, we believe that the sentence of 3 to 9 years is not justified upon the facts in the record, which includes intoxication of defendant and minimal actual harm. For the reasons stated, therefore, we believe that the sentence imposed should be reduced to a term of 1 to 3 years. *People v. Thornhill* (1st Dist. 1975), 31 Ill. App. 3d 727, 333 N.E.2d 8.

The judgment of the Circuit Court of McDonough County, therefore, finding defendant guilty of aggravated battery is affirmed, but the sentence imposed in this cause is reduced to a term of 1 to 3 years.

Judgment of guilt of aggravated battery affirmed and sentence modified to a term of 1 to 3 years.

STOUDER, J., concurs.

Mr. JUSTICE BARRY, specially concurring:

Although, I agree with the result reached in the majority opinion, I do not agree the majority opinion should have decided an issue which it deems was waived. The dicta concerning the sufficiency of evidence of

bodily harm creates some precedent, which, although not binding, certain members of this court may feel compelled to follow.

On occasion, we have, in dicta, discussed an issue because, on remandment, we thought the trial court would be better served by direction concerning that issue. However, the majority in this case affirms the judgment of the trial court. There is no remandment and certainly no reason to give direction to the trial court. As a result, I believe the unnecessary language should have been deleted. Since it was not deleted however, I choose to attempt hereby to limit its precedential value as much as possible.