THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RONALD MOSLEY *et al.*, Defendants-Appellants.

First District (4th Division)    No. 76-1074

Opinion filed December 8, 1977.

James J. Doherty, Public Defender, of Chicago (Robert P. Isaacson, Assistant Public Defender, of counsel), for appellants.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Joan S. Cherry, and Thomas X. Smith, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from the circuit court of Cook County. The defendants, Ronald Mosley and Christopher Williams, were indicted and convicted after a jury trial of the offense of armed robbery in violation of section 18—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 18—2). Defendant Ronald Mosley was sentenced to a term of 6 to 12 years in the Illinois State Penitentiary, and defendant Christopher Williams was sentenced to a term of 7 to 14 years in the Illinois State Penitentiary. Both have appealed their convictions.

The issues presented for review are: (1) whether the prosecution failed to prove the defendants guilty beyond a reasonable doubt; (2) whether the prosecution used hearsay testimony to convict the defendants; (3) whether the prosecution violated Williams' right to confront the witnesses against him; (4) whether the prosecution's closing argument deprived the

defendants of a fair trial; and (5) whether the defendants' sentences are excessive.

The facts of the case are, on August 24, 1974, defendant Mosley entered a hardware store at 87th and Cottage Grove. He looked around and then walked behind a counter where the cash register was located. The owner of the store noticed him and told him he was not permitted behind the cash register. The defendant stated he did not want anything, but would return later. Less than five minutes later, three men entered the store, produced guns, and ordered the owner and a customer to lay on the floor. The men then took a quantity of money from the owner and forced him to go with a customer into a rear storeroom. The owner emerged from the storeroom after hearing the defendants leave the store. The owner then went outside and saw a tan Maverick pulling away from the curb with four men inside. He asked a passerby to get the license number of the car. The individual did and related it to the owner. The victim then returned to his store and called the police. While waiting for the police to arrive the owner found a set of keys on the floor near the cash register.

The next day the owner viewed a police lineup and identified defendant Mosley as the man he saw near his cash register before the robbery. At trial the owner identified defendant Mosley and the customer identified defendant Williams, whom he had earlier identified in a police lineup. A Chicago police officer testified he had checked the license number the owner had been given by the passerby, and found it was registered to defendant Mosley. He proceeded to the address where the car was registered and arrested defendant Mosley when he arrived in the car. Another police officer went to the home of defendant Williams and opened the door with the keys which were found near the cash register. They arrested him when he arrived home. At the end of the trial when the prosecution made their closing argument, the prosecutor made a statement concerning the fact the police talked to Mosley and then proceeded to Williams' house. The prosecution also made reference to defense counsel's statement the trial was a conspiracy to frame the defendants and to the fact the jury would be doing something about crime in the community if they convicted the defendants.

■■ The first issue raised on appeal by the defendants is whether or not the defendants were convicted by the evidence beyond a reasonable doubt. The victims' positive, uncontradicted eyewitness identification of the two defendants, as well as the fact Williams' keys were found at the scene of the crime and the fact Mosley's car was identified as being the "get-away" car for the robbers, were more than enough for the jury to decide the two defendants were guilty beyond a reasonable doubt. The judgment of the trier of fact will not be disturbed on review unless the evidence is so unsatisfactory as to leave a reasonable doubt of the

defendants' guilt. (*People v. Wilson* (1976), 36 Ill. App. 3d 946.) In the instant case the positive identification by the victims, together with the other evidence, can leave no doubt as to the guilt of the two defendants.

■■■ The second issue raised by the defendants is the alleged hearsay testimony used by the prosecution. They cite two instances: (1) where the police officer stated the victims had identified the defendants in a lineup; and (2) where the police had identified defendant Mosley's car by the license number given the victim by the passerby. In the first instance, the testimony by the police officer was merely cumulative and did not serve as a substitute for a positive and unimpeached identification of the defendants by the victims in the courtroom. It is well settled in Illinois where the testimony of the police officer as to the identification of the defendant is not used as a substitute for the courtroom identification of the defendant by the victim, but merely to strengthen such identification, it is not error. (*People v. Coleman* (1974), 17 Ill. App. 3d 421.) In the second instance of alleged hearsay testimony there was no objection during the trial and the defendants did not raise this objection during any of the motions for a new trial. Therefore it is waived for purposes of appeal. *People v. Pickett* (1973), 54 Ill. 2d 280.

The third and fourth issues raised by defense counsel similarly have been waived for the purposes of this appeal. *People v. Pickett* (1973), 54 Ill. 2d 280.

■■ The fifth and last issue raised by the defendants is whether or not their sentences are excessive. In view of the fact the defendants were convicted of a felony which includes the use of dangerous weapons as well as the fact defendant Williams has two prior convictions and defendant Mosley has one prior conviction, we cannot say the trial judge abused his discretion in imposing the respective sentences.

Accordingly, for the reasons contained herein, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JOHNSON and ROMITI, JJ., concur.