THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
LARRY INGRAM, Defendant-Appellant.

Fourth District   No. 4—87—0116

Opinion filed September 17, 1987.—Modified on denial of rehearing
November 30, 1987.

Daniel D. Yuhas and Lawrence J. Essig, both of State Appellate Defender's Office, of Springfield, for appellant.

Donald M. Cadagin, State's Attorney, of Springfield (Kenneth R. Boyle, Robert J. Biderman, and Perry Lee Miller, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

After a jury trial, defendant was convicted of aggravated battery (Ill. Rev. Stat. 1985, ch. 38, par. 12—4(a)) and subsequently sentenced to five years' imprisonment. He appeals arguing: the erroneous admission of hearsay testimony violated his constitutional right to confront his accusers, the testimony was not a spontaneous declaration, and the prosecutor's closing argument deprived defendant of a fair trial.

We affirm.

James Turner testified that at approximately 2:30 a.m. on the morning of June 21, 1986, he was driving his sister's vehicle to her home. The car stalled on the east side of Springfield, and three to seven men approached the car. He recognized defendant and two of defendant's brothers. One of the men tried to open the passenger door, and as Turner started to open the driver's side door, he was pulled from the vehicle.

Turner stated that a scuffle ensued after he left the vehicle. Defendant was on top of him and hit him with a club or a stick. He suffered severe injuries to his head, back, and knees. Turner was asked how the fight ended. Defense counsel objected to the question as it called for hearsay evidence. The court allowed the testimony over defendant's objection, finding it was a spontaneous declaration. Turner stated that as defendant was standing over him he heard someone say, "You're going to kill him, Larry. You're gonna kill him, Larry. You're gonna kill him, Larry." Turner passed out and remembered walking around until an ambulance came. He admitted telling the police officer that a friend of his was driving the vehicle but explained that he was afraid the police were going to arrest him for driving with a suspended license. Turner stated that 2½ weeks after

the incident he picked defendant's photo out of a photo array.

On cross-examination, Turner admitted that he had consumed four beers that day. He also admitted that his story had changed twice when he was talking to the police. He recalled giving the other accounts but admitted that those accounts were not truthful. Turner further admitted that he swung at defendant. On redirect examination, Turner stated that he was in bad shape at the hospital and had been questioned the first time in the emergency room.

John Workman, a Springfield police officer, testified that he found Turner wandering around the east side of Springfield severely beaten on June 21, 1986. Turner had told him that a friend of his was driving the car. After Turner's release from the hospital, he told Workman he had been driving but lied because of a license violation.

Tom Murphy, a detective with the Springfield police department, testified that Turner identified defendant's photograph. On cross-examination, Murphy stated that he did not remember Turner saying his car had stalled but recalled Turner stating he had been approached by a black female. Defendant then elicited the same statement from the officer that he had objected to from Turner. Murphy further stated that the police had been trying to locate a suspect that might have been involved who was also named Larry Jarrett or Larry Phillips.

The defendant rested.

During his closing argument, the State's Attorney admitted credibility was the key issue. He also stated that he believed that Turner's trial testimony was the truth. Defendant, during his closing argument, questioned Turner's credibility and referred to him as a perjurer or a liar. During rebuttal, the prosecutor stated that he believed Turner was telling the truth.

■■ Initially, defendant argues that his constitutional right to confront his accusers (U.S. Const., amend. VI) was violated by admission of the unknown declarant's statement under the spontaneous declaration exception to the hearsay rule. Defendant raises this argument for the first time on appeal. Failure to raise an issue at trial or in the written post-trial motion constitutes a waiver of that issue, and it cannot be urged as a ground for reversal on review. However, the reviewing court may consider the error where the evidence is closely balanced or where the error denied the accused a fair trial. (*People v. Szabo* (1986), 113 Ill. 2d 83, 497 N.E.2d 995; *People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.) We believe no plain error occurred under the facts of this case. Thus, defendant

has waived review of the issue.

■ Defendant argues *Ohio v. Roberts* (1980), 448 U.S. 56, 65 L. Ed. 2d 597, 100 S. Ct. 2531, implicitly modified Illinois law concerning the admission of spontaneous declarations when the declarant is unknown. In *Roberts*, the Supreme Court held that when a hearsay declarant is not present for cross-examination at trial, the confrontation clause normally requires a showing that the declarant is not available to testify. Even then, his statement is admissible only if it bears adequate indicia of reliability. Reliability can be inferred without more where the evidence falls within a firmly established exception to the hearsay rule. In other cases, the evidence must be excluded absent a showing of trustworthiness.

The court further noted that unavailability usually requires a good-faith effort to obtain the declarant's presence at trial. However, the law does not require the doing of a futile act. If no possibility of procuring the witness exists, good faith may demand nothing of the prosecution. See also *Mancusi v. Stubbs* (1972), 408 U.S. 204, 33 L. Ed. 2d 293, 92 S. Ct. 2308.

In *United States v. Inadi* (1986), 475 U.S. 387, 89 L. Ed. 2d 390, 106 S. Ct. 1121, the court held the *Roberts* requirement of a showing of unavailability was inapplicable to the coconspiracy exception to the hearsay rule. The court noted that *Roberts*, which addressed the admissibility of prior testimony, should be limited to its facts. It does not stand for the proposition that no out-of-court statement is admissible absent a showing of unavailability.

■ In Illinois *prior to admission of an out-of-court statement* under the spontaneous declaration exception to the hearsay rule, the statement must meet three criteria: (1) it must have resulted from an occurrence which is sufficiently startling that it was likely to produce a spontaneous and unreflecting statement; (2) it must have been made before there was time to fabricate the statement; and (3) it must have been related to the occurrence. *People v. Lewis* (1986), 147 Ill. App. 3d 249, 498 N.E.2d 1169; *People v. McNeal* (1980), 88 Ill. App. 3d 20, 410 N.E.2d 480; *People v. Fields* (1979), 71 Ill. App. 3d 888, 390 N.E.2d 369.

■ Defendant argues that *Roberts* modified State law concepts by adding requirements of unavailability and reliability and spontaneous declarations from unknown declarants can never be admitted. He urges· this court to overrule *McNeal* to the extent that it is· inconsistent with *Roberts*. In *McNeal*, defendant was convicted of aggravated battery arising out of a fight which occurred in a tavern. A witness testified that he heard an unknown declarant advise the

defendant not to do it immediately prior to defendant's shooting the victim. The court held the testimony was admissible regardless of the declarant's presence at trial because it met the criteria set forth for an excited utterance. (*People v. McNeal* (1980), 88 Ill. App. 3d 20, 24-25, 410 N.E.2d 480, 482-83; see also *People v. Lewis* (1986), 147 Ill. App. 2d 249, 498 N.E.2d 1169.) The instant case parallels *McNeal.*

*Roberts* as interpreted by *Inadi* does not require a modification of *McNeal.* A declarant who is unknown is necessarily unavailable. The State need not present testimony that it could not procure the witness.

■ Defendant contends that this case is distinguishable from *McNeal* because a disinterested witness related the declarant's statement in *McNeal.* He argues that no showing of Turner's reliability has been made. In the instant case, Turner testified about the declarant's statement. Defendant had ample opportunity to examine Turner concerning his veracity. The admission of the spontaneous declaration hinges upon the circumstances under which it was uttered, not upon the reliability of the person relating the statement. The circumstances here confer reliability to the statement. The trial court did not abuse its discretion in determining the criteria for admission of this testimony were met. No constitutional violation occurred.

■ Defendant finally argues that the prosecutor's closing argument denied him a fair trial. Defendant waived review of this issue by failing to object to the argument. (*People v. Szabo* (1986), 113 Ill. 2d 83, 497 N.E.2d 995.) We note, however, that one of the objectionable remarks was responsive to defendant's argument and, thus, not error.

For the above reasons, we affirm the trial court.

Affirmed.

SPITZ, P.J., and GREEN, J., concur.